Exhibit A



# PROCESS SERVER DELIVERY DETAILS

**Date:**                                   Wed, Nov 13, 2024
**Server Name:**                            DROP SERVICE

| Entity Served | TESLA INC |
|---|---|
| Case Number | 24NNCV05188 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |



1  | Hovanes Margarian, SBN 246359
   | hovanesm@margarianlaw.com
2  | Armen Margarian, SBN 313775
   | armenm@margarianlaw.com
3  | Shushanik Margarian, SBN 318617
   | shushanik@margarianlaw.com
4  | THE MARGARIAN LAW FIRM
   | 462 West Colorado Street
5  | Glendale, California 91204
   | Telephone Number: (818) 553-1000
6  | Facsimile Number: (818) 553-1005

7  | Attorneys for Plaintiffs
   | AJAYMILAN KANTILAL GANDHI
8  | KRISHIL AJAYMILAN GANDHI

Electronically FILED by
Superior Court of California,
County of Los Angeles
10/21/2024 1:04 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By D. Gallegos, Deputy Clerk

11/13/24

10:47

9  | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10 | **THE COUNTY OF LOS ANGELES, NORTHEAST JUDICIAL DISTRICT**

11

12 | AJAYMILAN KANTILAL GANDHI, an
   | individual; KRISHIL AJAYMILAN GANDHI, an
13 | individual,

   | Case No.:  **24NNCV05188**

   | **PLAINTIFFS' COMPLAINT FOR
   | DAMAGES**

14 |        Plaintiffs,

15 | vs.

16 | TESLA, INC., a Texas Corporation; and DOES 1
   | through 30, inclusive,
17 |

18 |        Defendants.

19 | ///

20 | ///

21 | ///

22 | ///

23 | ///

24 | ///

25 | ///

26 | ///

27 | ///

28 | ///

---

**COMPLAINT**

NOW COME Plaintiffs AJAYMILAN KANTILAL GANDHI, an individual, and KRISHIL AJAYMILAN GANDHI, an individual, by and through Plaintiffs' attorneys of record, The Margarian Law Firm, with Plaintiffs' Complaint for Damages against Defendants TESLA, INC., a Texas Corporation; and DOES 1 through 30, inclusive, allege and affirmatively state as follows:

**PARTIES**

1.    Plaintiff AJAYMILAN KANTILAL GANDHI ("Ajaymilan Kantilal Gandhi") is and was at all times relevant herein an individual residing in Kern County, State of California.

2.    Plaintiff KRISHIL AJAYMILAN GANDHI ("Krishil Ajaymilan Gandhi") is and was at all times relevant herein an individual residing in Kern County, State of California.

3.    Plaintiffs Ajaymilan Kantilal Gandhi and Krishil Ajaymilan Gandhi hereby referred to as Plaintiffs, who purchased a new 2023 Tesla Model Y bearing the Vehicle Identification Number 7SAYGAEE2PF969953 ("Subject Vehicle") in the State of California.

4.    Defendant TESLA, INC. ("Manufacturer" or "Defendant"), formerly known as Tesla Motors, Inc., is a Texas Corporation authorized to do business in the State of California and is engaged in the manufacture, sale, and distribution of motor vehicles and related equipment and services. Manufacturer is also in the business of marketing, supplying, and selling written warranties to the public. Manufacturer does business in all counties of the State of California, including 811 South San Fernando Boulevard, Burbank, CA 91502.

5.    Manufacturer, and DOES 1 through 30, inclusive, are collectively hereby referred to as "Defendants".

**BACKGROUND**

6.    On or about 01/17/2024, Plaintiffs purchased from Manufacturer's store for valuable consideration the Subject Vehicle manufactured by Manufacturer. (A true and correct copy of the Motor Vehicle Purchase Agreement ("Purchase Agreement") is attached hereto and marked as "Exhibit A".)

7.    The cash price of the Subject Vehicle was Fifty-One Thousand One Hundred Thirty Dollars and No Cents ($51,130.00). The total cost under the contract including sales tax, registration charges, document fees and other collateral charges, such as bank and finance charges, totals Fifty-Six Thousand

1    Twenty-Six Dollars and Twenty-Three Cents ($56,026.23).

2        8.    In consideration for the Purchase Agreement, Manufacturer issued and supplied to Plaintiffs

3    several written warranties, including a four (4) year and fifty thousand (50,000) mile factory warranty, as

4    well as other stated warranties fully outlined in the Manufacturer's Warranty Booklet.

5        9.    On or about 01/17/2024, Plaintiffs took possession of the Subject Vehicle and shortly

6    thereafter experienced the various defects listed below that substantially impair the use, value, and safety

7    of the Subject Vehicle.

8        10.    The defects listed below violate the express written warranties issued to Plaintiffs by

9    Manufacturer, as well as the implied warranty of merchantability.

10        11.    Plaintiffs brought the Subject Vehicle to Manufacturer's authorized service and repair

11    facilities for various defects, including, but not limited to, the following:

12        • Defective steering column control module – over one (1) failed repair attempt;

13        • Defective rear spoiler – over one (1) failed repair attempt;

14        • Defective front passenger seat - over one (1) failed repair attempt;

15        • Defective 2nd row middle seat harness - over one (1) failed repair attempt;

16        • Defective trunk trim panel - over three (3) failed repair attempts;

17        • Defective lower liftgate trim - over three (3) failed repair attempts;

18        • Defective upper liftgate trim clips - over three (3) failed repair attempts;

19        • Defective liftgate power strut - over three (3) failed repair attempts;

20        • Defective suspension system - over two (2) failed repair attempts;

21        • Defective left rear strut- over two (2) failed repair attempts;

22        • Any additional complaints made by Plaintiffs, whether or not they are contained in

23          Defendant's records or on any repair orders.

24        12.    Plaintiffs provided Defendant sufficient opportunities to repair the Subject Vehicle.

25        13.    Plaintiffs brought the Subject Vehicle to Manufacturer's authorized service and repair

26    facilities for repair on four (4) occasions. (True and correct copies of the Subject Vehicle's repair orders

27    are attached herein and marked as "Exhibit B".)

28        a.    01/25/2024: Plaintiffs brought the Subject Vehicle to Manufacturer's service center at the

-3-

PLAINTIFFS' COMPLAINT FOR DAMAGES

time located and doing business at 28721 Canwood Street Bldg A, Agoura Hills, CA 91301 ("Tesla Agoura Hills") for repair because of the windshield wiper's auto mode not functioning. The personnel at Tesla Agoura Hills reviewed the technical data on the Subject Vehicle regarding the Auto wipers BETA but were unable to find any hardware issues. The personnel concluded that the Subject Vehicle did not have a dedicated rain sensor, and the auto wiper function was governed by an algorithm via the autopilot computer, which could be improved with each over-the-air software update. Plaintiffs also complained about the left plastic skirt of the Subject Vehicle being misaligned with the left and left rear wheel arch. However, the personnel at Tesla Agoura Hills were unable to duplicate Plaintiffs' complaint. Further, Plaintiffs complained about several scratches being present on the drive mode stalk of the Subject Vehicle. Tesla Agoura Hills' personnel replaced the steering column control module of the Subject Vehicle. Additionally, Plaintiffs complained about multiple micro-scratches on the Subject Vehicle, stating that they were unacceptable for a brand-new vehicle. Plaintiffs requested the Subject vehicle to be polished entirely and buffed thoroughly to remove all the scratches. Tesla Agoura Hills' personnel sent the Subject Vehicle to a body shop for paint correction. Lastly, Plaintiffs complained that the Subject Vehicle's spoiler came loose after returning it from the body shop, which Tesla Agoura Hills' personnel verified and replaced. The Subject Vehicle was at Tesla Agoura Hills for a total of seven (7) days. The Subject Vehicle had one hundred nine (109) miles on it at the time of repair.

b.  06/05/2024: Plaintiffs brought the Subject Vehicle to Manufacturer's service center at the time located and doing business at 2000 Corporate Center Dr, Thousand Oaks, CA 91320 ("Tesla Thousand Oaks") for repair because of a slight clicking noise coming from the Subject Vehicle's passenger seat. The personnel at Tesla Thousand Oaks were unable to duplicate Plaintiffs' complaint. The personnel discovered only front bolts being slightly under torqued. Plaintiffs further complained about the bench middle seat making a clicking noise when sitting back on it. The personnel at Tesla Thousand Oaks verified Plaintiffs' complaint and found harness within second (2nd) row middle seat to be pinched,

therefore repaired the harness. Additionally, Plaintiffs complained about the Subject Vehicle's driver side B pillar seat belt panel rattling while driving. The personnel at Tesla Thousand Oaks replaced the driver B pillar clips and insulated the seatbelt adjuster slides. Lastly, Plaintiffs complained about the trunk trim panel constantly popping out. Tesla Thousand Oaks' personnel discovered the upper liftgate trim not seating correctly due to lower liftgate trim not being seated fully. The personnel reset the Subject Vehicle's lower liftgate trim and replaced the clips in upper liftgate trim. The Subject Vehicle was at Tesla Thousand Oaks for a total of one (1) day. The Subject Vehicle had four thousand nine hundred sixty-nine (4,969) miles on it at the time of repair.

c.  06/14/2024: Plaintiffs brought the Subject Vehicle to Tesla Thousand Oaks for repair because of a noise/vibration coming from the rear suspension of the Subject Vehicle while accelerating/driving. The personnel at Tesla Thousand Oaks verified Plaintiffs' complaint and replaced the liftgate power strut. The Subject Vehicle was at Tesla Thousand Oaks for a total of one (1) day. The Subject Vehicle had five thousand four hundred forty-one (5,441) miles on it at the time of repair.

d.  06/21/2024: Plaintiffs brought the Subject Vehicle to Tesla Thousand Oaks for repair because of the rear trunk making a clicking noise. The personnel at Tesla Thousand Oaks verified Plaintiffs' complaint and performed adjustment to the seat back, where the head rest in the 3rd row seat made contact with the seat back. Adjusted the bump stops on the rear liftgate, but the noise was still present. Tesla Thousand Oaks' personnel removed the rear headliner and applied antifriction material to various contact points. After a test drive the personnel identified that the noise was coming from the Subject Vehicle's suspension. Upon further inspection of the Subject Vehicle the personnel at Tesla Thousand Oaks found the left rear strut leaking and replaced the latter. Verified the noise was gone. The Subject Vehicle was at Tesla Thousand Oaks for a total of six (6) days. The Subject Vehicle had five thousand seven hundred twenty-six (5,726) miles on it at the time of repair.

14.  The Subject Vehicle has been at Manufacturer's authorized service and repair facilities

1    undergoing repairs for at least fifteen (15) days.

2        15.    Manufacturer, through its authorized service and repair facilities was unable and/or failed to

3    repair the Subject Vehicle within a reasonable number of attempts.

4        16.    As of the present date, the Subject Vehicle still has ongoing problems that were never resolved

5    despite multiple repair attempts.

6        17.    Employees at Manufacturer allegedly performed repairs and performed complimentary

7    vehicle inspections of the Subject Vehicle, but there was no change in the defective parts, and the Subject

8    Vehicle remains defective.

9        18.    Plaintiffs justifiably lost confidence in the Subject Vehicle's reliability and said defects have

10   substantially impaired the use, value, and/or safety of the Subject Vehicle to Plaintiffs.

11       19.    Said defects could not have been discovered by Plaintiffs prior to Plaintiffs' acceptance of the

12   Subject Vehicle.

13       20.    As a result of said defects, Plaintiffs revoked acceptance of the Subject Vehicle in writing on

14   or about 09/13/2024. (A true and correct copies of the said letter and envelopes are attached hereto and

15   marked as "Exhibit C".)

16       21.    At the time of revocation, the Subject Vehicle was in substantially the same condition as at

17   the delivery except for damage caused by its own defects and ordinary wear and tear.

18       22.    To date, Manufacturer has failed to accept Plaintiffs' demand for revocation and has refused

19   to provide Plaintiffs with the remedies Plaintiffs are entitled to upon revocation.

20       23.    The Subject Vehicle remains in a defective and unmerchantable condition and continues to

21   exhibit the above-mentioned defects that substantially impair its use, value, and/or safety.

22       24.    Plaintiffs have and will continue to be financially damaged due to Manufacturer's failure to

23   comply with the provisions of its express and implied warranties.

**FIRST CAUSE OF ACTION**

FRAUD AND DECEIT

*(Against All Defendants)*

27       25.    Plaintiffs re-allege and incorporate by reference as fully set forth herein all paragraphs of

28   Plaintiffs' Complaint for Damages.

26.    The particularity requirement for fraud requires the pleading of facts showing how, when, where, to whom, and by what means the representations were made. (*Stansfield v. Starkey*, 220 Cal.All.3d 59, 73 (1990).) Every element of fraud herein with specificity have been plead as follows:

    a.  How: Prior to Plaintiffs' visit to Manufacturer on 01/17/2024, Defendant represented to Plaintiffs that its vehicles were free from any latent defects. These representations were made in Manufacturer's New Vehicle Limited Warranty, as well as brochures, pamphlets, and other advertisement materials produced by Defendant.

    b.  When: At the time of purchase the Subject Vehicle (on 01/17/2024) and prior to Plaintiffs purchasing the Subject Vehicle.

    c.  Where: The discussions about the safety, quality, and reliability of the Subject Vehicle were made on Defendant's website, in the New Vehicle Limited Warranty, in the owner's manual, as well as other brochures, pamphlets, and advertisement materials produced by Defendant.

    d.  To Whom: The representations regarding the Subject Vehicle were made to Plaintiffs.

    e.  What Means: The discussions were made by the use of English language, simple words. Defendant used its online websites as well as its owner's manuals and other pamphlets and brochures to represent the Subject Vehicle as being free of defects.

27.    The requirement of specificity in a fraud action against a corporation requires Plaintiffs to allege the names of persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written. *(Tarmann v. State Far Mut. Auto. Ins. Co.*, 2 Cal.App.4th 153, 157 (1991).)

    a.  Names of Persons Who Made the Representations: The representations were made by Defendant's team of advertising and marketing personnel, including, but not limited to, Elon Musk, Chief Executive Officer, and Tom Zhu, Senior Vice President at Manufacturer.

    b.  Authority to Speak: Defendant's online and TV advertisements all invite consumers to visit Manufacturer's stores and speak with a representative regarding its vehicles. The executives, by the very nature of their role within Defendant's company, had the

authority to design and implement the fraudulent representations regarding the Subject Vehicle, implement procedures to train their personnel, and did do so in fact.

c. To Whom They Spoke: The representations regarding the Subject Vehicle were made to Plaintiffs.

d. What Said or Wrote: Defendant represented to Plaintiffs that the Subject Vehicle was in excellent mechanical condition and free of any damages or defects. Defendant further represented that the Subject Vehicle was merchantable, safe, reliable, and fit for its ordinary purpose.

e. When It Was Said or Written: Prior to the time Plaintiffs purchased the Subject Vehicle on 01/17/2024.

28. Moreover, in line with *Committee on Children's Television, Inc. v General Foods Corp.*, 35 Cal.3d 197, 216 (1983), Manufacturer necessarily possesses full information concerning the facts of the herein controversy since Manufacturer designed the defective vehicles, trained all personnel on how to discuss the defects when the vehicles are brought in for repair, and advertised the Subject Vehicle to the public as safe, reliable, and fit for its ordinary purpose. Therefore, despite the heightened pleading standard in a fraud case, in the present matter Defendant was well aware of the entire chain of events which has culminated in this lawsuit.

29. Cal. Civ. Code § 1710 identifies four kinds of fraud: (1) intentional misrepresentation, (2) concealment, (3) false promise, and (4) negligent misrepresentation.

30. Here, the fraud at hand is intentional misrepresentation and concealment.

31. **Intentional misrepresentation** occurs when (a) a defendant represents to another that a fact was true; (b) the representation was actually false; (c) the defendant knew the representation was false (or was reckless about its truth); (d) the defendant intended the other person to rely on the statement; (e) the other person did rely on the statement; and (f) the other person was harmed by the reliance. Cal. Civ. Code, § 1710(1); *Lazar v. Superior Court* 12 Cal.4th 631, 638 (1996).

A. On 01/17/2024, Defendant, by and through its agents, intentionally misrepresented material facts to Plaintiffs, including, but not limited to, the following:

- That the Subject Vehicle was in excellent mechanical condition.

- That the Subject Vehicle was functionable and reliable.
- That the Subject Vehicle was safe and fit for its ordinary purpose.
- That the Subject Vehicle had no latent defect(s).
- That the Subject Vehicle was merchantable.

B. The aforementioned representations are clearly false.

C. Defendant made these representations knowing that they were false or made them recklessly and without regard for their truth. Defendant had knowledge of these material facts through sources not available to Plaintiffs, including, but not limited to, pre-release testing data, early consumer complaints about the aforementioned defects, testing conducted in response to those complaints, repair orders and high warranty reimbursement rates that can cost in the thousand dollars for each vehicle, and from other internal sources. Defendant had a duty to disclose the defects because:

- Defendant knew the representations made to Plaintiffs were false [and/or made the representations recklessly and without regard for its truth] because it knew the Subject Vehicle was defective and therefore was not functionable, reliable, safe, fit for its ordinary purpose, or merchantable. Defendant knew this by having its experts inspect the Subject Vehicle before and after the Subject Vehicle acquisition and by running the vehicle history.
- Alternatively, in making such misrepresentations and committing such wrongful acts, Defendant acted with the conscious and reckless disregard to the truth or falsity of such misrepresentations and promises and wrongful acts. If Defendant did not know affirmatively that the Subject Vehicle was defective and therefore was not functionable, reliable, safe, fit for its ordinary purpose, or merchantable, then it should not have stated otherwise.

D. Defendant intended for Plaintiffs to rely on the statement, and subsequently intended to defraud Plaintiffs, since it wanted Plaintiffs to purchase the Subject Vehicle despite its defects.

E. Plaintiffs reasonably relied on Defendant's assurances that the Subject Vehicle was

functionable, reliable, safe, and fit for its ordinary purpose and merchantable.

- Such reliance upon the misrepresentations, material omissions, and/or wrongful acts was justified and reasonable under the circumstances. Defendant is an established business with positive reputations and reassuring infrastructures which put Plaintiffs at ease. This gave Plaintiffs no reason to mistrust Defendant.

- The representation from Manufacturer was material – a reasonable person would find it important to know that the Subject Vehicle was defective and was not functionable, reliable, safe, fit for its ordinary purpose, or merchantable. These factors affect the Subject Vehicle's reliability, lifespan, and value.

- The harm to Plaintiffs was not otherwise inevitable or due to unrelated causes because Plaintiffs would simply not have purchased the Subject Vehicle at all and/or would have paid much less for the Subject Vehicle.

F. As a direct and proximate result of the acts and omissions of Defendant, Plaintiffs have suffered damages for which relief is sought herein. Specifically, damages include full purchase price of the Subject Vehicle, the depreciation in value of the Subject Vehicle, and any and all incidental and consequential damages as a result of the purchase, which would not have taken place but for the fraudulent misrepresentations both prior to and at the time of purchase, including the money spent for the Subject Vehicle's repairs, storage, and/or towing, as well as the money spent on rental vehicles. Alternatively, Plaintiffs suffered damages in the amount of the difference between the Subject Vehicle and a similar vehicle that was in excellent mechanical condition and did not suffer from any defects, as represented to Plaintiffs, plus tax and licensing fees.

- Defendant intentionally misrepresented the Subject Vehicle. Plaintiffs are therefore entitled to recission and restitution in an amount according to proof at trial.

- Plaintiffs now own a vehicle that has a diminished value as a result of Defendant's intentional misrepresentation of, and failure to timely disclose, the aforementioned defects and the serious safety and quality issues caused by Defendant's conduct.

- The value of the Subject Vehicle is diminished because any reasonable consumer will be reluctant to purchase the Subject Vehicle for the same price upon an honest disclosure of its history and current condition.

- Defendant's conduct was oppressive, fraudulent, and malicious, and constitutes despicable conduct in conscious disregard for Plaintiffs' rights. Accordingly, Defendant is liable to Plaintiffs for their damages in an amount to be proven at trial, including, but not limited to, Plaintiffs' lost benefit of the bargain or overpayment for the Subject Vehicle at the time of the purchase, the diminished value of the Subject Vehicle due to the aforementioned defects, and/or the costs incurred in storing, maintaining, or otherwise disposing of the Subject Vehicle.

32.    **Concealment** exists where a defendant (a) concealed or suppressed a material fact; (b) had knowledge of this material fact; (c) that this material fact was not within reasonably diligent attention, observation, and judgment of a plaintiff; (d) that defendant suppressed or concealed this fact with the intention that the plaintiff be misled as to the true condition of the property; (e) that the plaintiff was reasonably so misled; and (f) that the plaintiff suffered a damage as a result.

A. On 01/17/2024, Defendant, by and through its agents, concealed, or suppressed material facts regarding the Subject Vehicle, including, but not limited to, the following:

- That the Subject Vehicle was not in excellent mechanical condition.
- That the Subject Vehicle was not functionable and reliable.
- That the Subject Vehicle was not safe and fit for its ordinary purpose.
- That the Subject Vehicle had latent defect(s).
- That the Subject Vehicle was unmerchantable.

B. Defendant made the representations knowing that they were false or made them recklessly and without regard for their truth. Defendant had knowledge of these material facts through sources not available to Plaintiffs, including, but not limited to, pre-release testing data, early consumer complaints about the aforementioned defects, testing conducted in response to those complaints, repair orders and high warranty reimbursement rates that can cost in the thousands of dollars for each vehicle, and from other internal sources.

Defendant had a duty to disclose the defects because it:

- Had exclusive and/or far superior knowledge and access to the facts, and knew the facts were not known to or reasonably discoverable by Plaintiffs;

- Intentionally concealed the foregoing from Plaintiffs;

- Made incomplete representations about the safety and reliability of the aforementioned defects, while purposefully withholding material facts from Plaintiffs that contradicted these representations.

C. Defendant is an industry expert in manufacture, sale, and distribution of motor vehicles and related equipment and services and therefore had knowledge of material facts regarding the Subject Vehicle. These material facts were not within reasonably diligent attention, observation, and judgment of Plaintiffs because Plaintiffs have no professional expertise and very limited consumer experience in vehicle acquisition. Furthermore, Plaintiffs were not experts in vehicle inspection.

D. Defendant intentionally concealed and suppressed these material facts to falsely assure Plaintiffs that the Subject Vehicle could perform safely, as represented by Defendant and reasonably expected by consumers.

- Defendant omitted these material facts, with the intention to deceive, defraud, and induce Plaintiffs into acting in reliance on the representations Defendant had made to Plaintiffs and to induce Plaintiffs to purchase the Subject Vehicle.

- Defendant actively concealed or suppressed these material facts, in whole or in part, to maintain a market for its vehicles, to protect/maximize its profits, and to avoid recalls that would hurt Defendant's business and cost Defendant money. It did so at the expense of Plaintiffs.

E. Plaintiffs were unaware of these omitted material facts and would not have acted as they did if they had known of the concealed or suppressed facts. Plaintiffs did not receive the benefit of the bargain as a result of Defendant's fraudulent concealment.

- These omitted and concealed facts were material because they would be relied on by a reasonable person purchasing, leasing, or retaining a new or used motor

vehicle, and because they directly impact the value of the Subject Vehicle acquired by Plaintiffs.

- Whether Manufacturer's vehicles are functionable, reliable, safe, and/or fit for their ordinary purpose and whether Manufacturer stands behind its vehicles, are material concerns to a consumer.

- Plaintiffs trusted Defendant not to sell them a vehicle that was defective or that violated federal law governing motor vehicle safety, and to uphold its recall obligations under the Purchase Agreement and governing laws. Plaintiffs had no reason to believe Defendant was hiding information during Plaintiffs' inquiry about these facts.

- Plaintiffs asked about these facts. Defendant lied, made misrepresentations, and did not disclose what it knew about the Subject Vehicle's history and condition.

F.  As a direct and proximate result of the acts and omissions of Defendant, Plaintiffs have suffered damages for which relief is sought herein. Specifically, damages include the full purchase price of the Subject Vehicle, the depreciation in value of the Subject Vehicle, and any and all incidental and consequential damages, as a result of the purchase, which would not have taken place but for the fraudulent misrepresentations both prior to and at the time of sale, including the money spent for the Subject Vehicle's repairs, storage, and/or towing, as well as the money spent on rental vehicles. Alternatively, Plaintiffs suffered damages in the amount of the difference between the Subject Vehicle and a similar vehicle that was in excellent mechanical condition and did not suffer from any defects, as represented to Plaintiffs, plus tax and licensing fees.

- Defendant committed concealment. Plaintiffs are therefore entitled to recission and restitution in an amount according to proof at trial.

- Plaintiffs now own a vehicle that has a diminished value because of Defendant's concealment of, and failure to timely disclose, the aforementioned defects, and the serious safety and quality issues caused by Defendant's conduct.

- The value of the Subject Vehicle is diminished because of the concealed negative

PLAINTIFFS' COMPLAINT FOR DAMAGES

facts about the value which will make any reasonable consumer reluctant to acquire the vehicle for the same price as paid by Plaintiff.

- Defendant's conduct was oppressive, fraudulent, and malicious, and constitutes despicable conduct in conscious disregard for Plaintiffs' rights. Accordingly, Defendant is liable to Plaintiffs for their damages in an amount to be proven at trial, including, but not limited to, Plaintiffs' lost benefit of the bargain or overpayment for the Subject Vehicle at the time of the purchase, the diminished value of the Subject Vehicle due to the aforementioned defects, and/or the costs incurred in storing, maintaining, or otherwise disposing of the Subject Vehicle.

## SECOND CAUSE OF ACTION

### BREACH OF WRITTEN WARRANTY

### PURSUANT TO THE MAGNUSON-MOSS WARRANTY ACT

*(Against All Defendants)*

33.     Plaintiffs re-allege and incorporate by reference as fully set forth herein, all paragraphs of Plaintiffs' Complaint for Damages.

34.     Plaintiffs purchased a consumer product and received the Subject Vehicle during the duration of a written warranty period as defined in 15 U.S.C. § 2301(6) applicable to the Subject Vehicle and is entitled by the terms of the written warranty to enforce against Manufacturer the obligations of said warranty.

35.     Manufacturer is a business entity engaged in the business of making a consumer product directly available to Plaintiffs.

36.     The Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.* is applicable to Plaintiffs' Complaint for Damages in that the Subject Vehicle was manufactured and subsequently sold/leased after July 4, 1975, and costs in excess of Ten Dollars ($10.00).

37.     Plaintiffs' purchase of the Subject Vehicle was accompanied by written factory warranties for any nonconformities or defects in materials or workmanship, comprising an undertaking in writing in connection with the purchase of the Subject Vehicle to repair the Subject Vehicle or take other remedial action free of charge to Plaintiffs with respect to the Subject Vehicle if the Subject Vehicle failed to meet

-14-

1  the specifications set forth in said undertaking.

2      38.    Said warranties were the basis of the bargain of the agreement between Plaintiffs and

3  Manufacturer for the sale of the Subject Vehicle to Plaintiffs.

4      39.    Said acquisition of Plaintiffs' Subject Vehicle was induced by, and Plaintiffs relied upon,

5  these written warranties.

6      40.    Plaintiffs have met all of their obligations and preconditions as provided in the written

7  warranties.

8      41.    Manufacturer's tender of the Subject Vehicle was substantially impaired to Plaintiffs.

9      42.    Manufacturer's tender of the Subject Vehicle, which was substantially impaired to Plaintiffs,

10  constitutes a violation of 15 U.S.C. § 2301, *et seq.*

11      43.    As a direct and proximate result of Manufacturer's failure to comply with its express written

12  warranties, Plaintiffs have suffered damages and, in accordance with 15 U.S.C. § 2310(d), Plaintiffs are

13  entitled to bring suit for such damages and other equitable relief.

14                                **THIRD CAUSE OF ACTION**

15                            BREACH OF IMPLIED WARRANTY

16                  PURSUANT TO THE MAGNUSON-MOSS WARRANTY ACT

17                                *(Against All Defendants)*

18      44.    Plaintiffs re-allege and incorporate by reference as fully set forth herein, all paragraphs of

19  Plaintiffs' Complaint for Damages.

20      45.    The Subject Vehicle acquired by Plaintiffs was subject to an implied warranty of

21  merchantability as defined in 15 U.S.C. § 2301(7) running from Manufacturer to the intended consumer,

22  Plaintiffs herein.

23      46.    Manufacturer is a supplier of consumer goods as a business entity engaged in the business of

24  making a consumer product directly available to Plaintiffs.

25      47.    Pursuant to 15 U.S.C. § 2308(a), Manufacturer is prohibited from disclaiming or modifying

26  any implied warranty when making a written warranty to the consumer or when Manufacturer has entered

27  into a contract in writing within ninety (90) days of purchase and/or lease to perform services relating to

28  the maintenance or repair of a motor vehicle.

48. Plaintiffs' Subject Vehicle was impliedly warranted to be substantially free of defects and nonconformities in both material and workmanship, and thereby fit for the ordinary purpose for which the Subject Vehicle was intended.

49. The Subject Vehicle was warranted to pass without objection in the trade under the contract description and was required to conform to the descriptions of the vehicle contained in the contracts and labels.

50. The above-described defects in the Subject Vehicle render the Subject Vehicle unfit for the ordinary and essential purpose for which the Subject Vehicle was intended.

51. Manufacturer's tender of the Subject Vehicle, which was substantially impaired to Plaintiffs, constitutes a violation of 15 U.S.C. § 2301, *et seq.*

52. Any efforts to limit the implied warranties in a manner that would exclude coverage of the Subject Vehicle is unconscionable, and any such effort to disclaim, or otherwise limit, liability for the Subject Vehicle is null and void.

53. Any limitations on the warranties are procedurally unconscionable. There was unequal bargaining power between Manufacturer, on the one hand, and Plaintiffs, on the other.

54. Any limitations on the warranties are substantively unconscionable. Manufacturer knew that the Subject Vehicle was defective and would continue to pose a safety risk after the warranties purportedly expired. Manufacturer failed to disclose the aforementioned defects to Plaintiffs. Thus, Manufacturer's enforcement of the durational limitations on those warranties is harsh and shocks the conscience.

55. Plaintiffs have had sufficient direct dealings with Manufacturer to establish privity of contract.

56. Plaintiffs provided written notice of breach to Manufacturer and a request to cure. Nonetheless, as a direct and proximate result of Manufacturer's failure to comply with its implied warranties, Plaintiffs have suffered damages and, in accordance with 15 U.S.C. § 2310(d), Plaintiffs are entitled to bring suit for such damages and other equitable relief.

57. Furthermore, affording Manufacturer an opportunity to cure its breach of written warranties would be unnecessary and futile here. At the time of the purchase of the Subject Vehicle, Manufacturer knew, should have known, or was reckless in not knowing of its misrepresentations concerning the

1  Subject Vehicle's inability to perform as warranted, but nonetheless failed to rectify the situation and/or
2  disclose the defective design. Under the circumstances, the remedies available under any informal
3  settlement procedure would be inadequate and any requirement that Plaintiffs resort to an informal
4  dispute resolution procedure and/or afford Manufacturer a reasonable opportunity to cure its breach of
5  warranties is excused and thereby deemed satisfied.

6      58.    Plaintiffs provided written notice of breach of implied warranties and related consumer
7  protection laws, and opportunity to cure, via a letter to Manufacturer.

8      59.    Plaintiffs would suffer economic hardship if they returned the Subject Vehicle but did not
9  receive the return of all payments made by them. Because Manufacturer is refusing to acknowledge any
10  revocation of acceptance and return immediately any payments made, Plaintiffs have not accepted the
11  defects by retaining the Subject Vehicle.

12  **FOURTH CAUSE OF ACTION**

13  BREACH OF WRITTEN WARRANTY

14  PURSUANT TO THE SONG-BEVERLY CONSUMER WARRANTY ACT

15  *(Against All Defendants)*

16      60.    Plaintiffs re-allege and incorporate by reference as fully set forth herein, all paragraphs of
17  Plaintiffs' Complaint for Damages.

18      61.    Manufacturer is the warrantor of the Subject Vehicle's express warranty.

19      62.    Pursuant to the Subject Vehicle's express warranty, Manufacturer undertook to preserve or
20  maintain the utility or performance of the Subject Vehicle or provide compensation if there was a failure
21  in such utility or performance.

22      63.    The Subject Vehicle has and has had serious defects and nonconformities to warranty
23  including, but not limited to, the defects described above.

24      64.    Under the Song-Beverly Consumer Warranty Act ("California Lemon Law"), the Subject
25  Vehicle is a "new motor vehicle" purchased primarily for family or household purposes, and Plaintiffs
26  have used the Subject Vehicle primarily for this purpose. (Cal. Civ. Code §1793.22(e)(2).)

27      65.    Plaintiffs are "buyer" and "co-buyer" of the Subject Vehicle under the California Lemon Law.
28      66.    The foregoing defects and nonconformities to warranty manifested themselves within the

1    applicable express warranty period. The nonconformities substantially impair the use, value, and/or safety

2    of the Subject Vehicle.

3        67.    Pursuant to Cal. Civ. Code § 1793.2(c), Plaintiffs have delivered the Subject Vehicle to the

4    Manufacturer's service and repair facilities within this state within the terms of protection and have

5    tendered the Subject Vehicle for repairs of the above-mentioned defects that substantially affect the use,

6    value, and safety of the Subject Vehicle.

7        68.    Manufacturer, through its service and repair facilities, has been unable to repair the said

8    defects in a reasonable number of attempts.

9        69.    By failure of Manufacturer to remedy the defects as alleged above, or to issue a refund or

10    replacement, Manufacturer is in breach of its obligations under the California Lemon Law.

11        70.    Plaintiffs are entitled to justifiably revoke acceptance of the Subject Vehicle under the

12    California Lemon Law.

13        71.    Pursuant to Cal. Civ. Code § 1793.2(d), Plaintiffs are entitled to a refund of the total cost under

14    the Purchase Agreement, including all collateral charges such as sales tax, license fees, registration fees,

15    and other official fees, plus any incidental damages including, but not limited to, reasonable repair,

16    towing, and rental car costs actually incurred by Plaintiffs.

17        72.    Pursuant to Cal. Civ. Code § 1794, Plaintiffs are entitled to recover a sum equal to the

18    aggregate amount of costs and expenses, including attorneys' fees reasonably incurred.

19        73.    Manufacturer has willfully violated the provisions of this act by knowing of its obligations to

20    refund or replace Plaintiffs' Subject Vehicle but failing to fulfill them.

21    **FIFTH CAUSE OF ACTION**

22    BREACH OF IMPLIED WARRANTY

23    PURSUANT TO THE SONG-BEVERLY CONSUMER WARRANTY ACT

24    *(Against All Defendants)*

25        74.    Plaintiffs re-allege and incorporate by reference as fully set forth herein, all paragraphs of

26    Plaintiffs' Complaint for Damages.

27        75.    The Subject Vehicle acquired by Plaintiffs was subject to an implied warranty of

28    merchantability as defined in Cal Civ. Code. § 1790, *et seq.* running from Manufacturer to the intended

1   consumer, Plaintiffs herein.

2       76.    The implied warranty of merchantability means and includes that the goods will comply with

3   each of the following requirements: (1) they would pass without objection in the trade under the contract

4   description; (2) they are fit for the ordinary purposes for which such goods are used; (3) they are

5   adequately contained, packaged, and labeled; and (4) they conform to the promises or affirmations of fact

6   made on the container or label.

7       77.    Manufacturer is a supplier of consumer goods as a business entity engaged in the business of

8   making a consumer product directly available to Plaintiffs.

9       78.    Manufacturer is prohibited from disclaiming or modifying any implied warranty under Cal.

10  Civ. Code § 1790, et seq.

11      79.    Pursuant to Cal. Civ. Code § 1790, et seq., Plaintiffs' Subject Vehicle was impliedly warranted

12  to be fit for the ordinary use or which the Subject Vehicle was intended.

13      80.    The Subject Vehicle was warranted to pass without objection in the trade under the contract

14  description and was required to conform to the descriptions of the vehicle contained in the contracts and

15  labels.

16      81.    Because the Subject Vehicle was purchased to Plaintiffs with serious defects that manifested

17  themselves within the period of the implied warranty and which substantially reduce its safety and

18  performance, it (1) would not pass without objection in the trade under the contract description; (2) was

19  and is not fit for the ordinary purposes for which such goods are used; (3) was not adequately contained,

20  packaged, and labeled; and (4) did not conform to the promises or affirmations of fact made on the

21  container or label.

22      82.    The above-described defects in the Subject Vehicle caused it to fail to possess the most basic

23  degree of fitness for ordinary use.

24      83.    Plaintiffs have rightfully rejected and/or justifiably revoked acceptance of the Subject Vehicle

25  and are entitled under the California Lemon Law to rescind the Purchase Agreement and to restitution of

26  all money paid towards the Purchase Agreement. This Complaint also, again, hereby rejects and revokes

27  acceptance of the Subject Vehicle.

28      84.    As a result of the breach of implied warranty by Manufacturer, Plaintiffs have suffered and

1   continue to suffer various damages.

2   **SIXTH CAUSE OF ACTION**

3   VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200, ET SEQ.

4   *(Against All Defendants)*

5   85.    Plaintiffs re-allege and incorporate by reference as fully set forth herein all paragraphs of

6   Plaintiffs' Complaint for Damages.

7   86.    Plaintiffs have standing to bring this claim because they have lost money or property as a

8   result of the alleged misconduct.

9   87.    A plaintiff has standing when he/she (1) loses or is deprived of money or property sufficient

10   to qualify as injury in fact, i.e., economic injury, and (2) the economic injury was the result of, i.e., caused

11   by, the unfair business practice of false advertising that is the gravamen of the claim. *Kwikset Corp. v.*

12   *Superior Court*, 52 Cal.4th 310, 322 (2011.)

13   88.    Economic injury from unfair competition exists if a plaintiff (1) surrenders in a transaction

14   more, or acquires in a transaction less, than he or she otherwise would have; (2) has a present or future

15   property interest diminished; (3) is deprived of money or property to which he, she or it has a cognizable

16   claim; or (4) is required to enter into a transaction, costing money or property, that would otherwise have

17   been unnecessary. *Id.* at 323.

18   89.    Business & Professions Code § 17200, *et seq.* prohibits any unlawful, unfair, or fraudulent

19   business act or practice. It also prohibits unfair, deceptive, untrue, or misleading advertising.

20   90.    The **unlawful** prong "borrows violations of other laws and treats them as independently

21   actionable." *See Daugherty v. Am. Honda Motor Co., Inc.*, 144 Cal.App.4th 824, 837, 51 Cal.Rptr.3d 118

22   (2006). Defendant has engaged in unlawful business acts and practices by: (1) selling defective vehicles

23   to the public while misrepresenting their condition; and (2) concealing and failing to disclose a known

24   defect. These acts and practices were intended to and did violate several laws, including, but not limited

25   to, Cal. Civ. Code § 1709, *et seq.* and the California Lemon Law.

26      •   Cal. Civ. Code § 1709 states that "one who willfully deceives another with intent to induce

27           him to alter his position to his injury or risk, is liable for any damage which he thereby suffers."

28           Here, Defendant violated § 1709 in that Defendant intentionally misrepresented the safety and

reliability of the Subject Vehicle to induce Plaintiffs' purchase of the Subject Vehicle. Plaintiffs would not have purchased the Subject Vehicle but for Defendant's assurances that the Subject Vehicle was merchantable, safe, reliable, and fit for its ordinary purpose.

91.    The **unfair** prong requires alleging a practice that "offends an established public policy or is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Bardin v. Daimler Chrysler Corp.*, 136 Cal.App.4th 1255, 1263, 1266, 39 Cal.Rptr.3d 634 (2006). Defendant engaged in unfair business acts or practices in that the justification for selling and leasing vehicles based on the misrepresentations and omissions of material fact delineated above is outweighed by the gravity of the resulting harm, particularly considering the available alternatives, and offends public policy, is immoral, unscrupulous, unethical, and offensive, or causes substantial injury to consumers.

- A business act is **unfair** if (1) the consumer injury is substantial, (2) the injury is not outweighed by any countervailing benefits to consumers or competition, and (3) the injury could not reasonably have been avoided by consumers themselves.

- Here, Plaintiffs' injury is substantial since Plaintiffs would not have otherwise purchased the Subject Vehicle had they known the Subject Vehicle was not safe, not reliable, and not fit for its intended purpose. Plaintiffs have further been damaged in that they have paid out of pocket expenses to repair, tow, and otherwise store the Subject Vehicle as well as paid money towards a rental vehicle while the Subject Vehicle was nonoperational.

- Plaintiffs' injury is not outweighed by any countervailing benefits to consumers or competition. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.

- Plaintiffs specifically inquired about the Subject Vehicle's condition and whether it was free from defects. Defendant knowingly and/or recklessly lied to Plaintiffs to induce the purchase of the Subject Vehicle. Plaintiffs' injury, therefore, could not reasonably have been avoided by Plaintiffs.

92.    The **fraudulent** prong "requires a showing [that] members of the public are likely to be deceived." *Wang v. Massey Chevrolet*, 97 Cal.App.4th 856, 871, 118 Cal.Rptr.2d 770 (2002). Defendant engaged in fraudulent business acts or practices in that the representations and omissions of material fact

1  described above have a tendency and likelihood to deceive purchasers and/or lessees of these vehicles,

2  and the general public.

- An advertisement or promotional practice is likely to deceive if it includes assertions that are (1) untrue, or (2) "'true [, but] are either actually misleading or which [have] the capacity, likelihood or tendency to deceive or confuse the public.' [Citation]." (*Kasky v. Nike, Inc.* 27 Cal.4th 939, 951 (2002); *Leoni v. State Bar* 39 Cal.3d 609, 626 (1985).)

- Here, Defendant's practice of misrepresenting the safety and reliability of its vehicles is likely to deceive members of the public because the statements are untrue. It is inconceivable to think that consumers will be able to see through Defendant's misrepresentations and know that Defendant's vehicles are neither safe, nor reliable, nor fit for their intended purpose.

11  93.    The business scheme employed by Defendant is unlawful, unfair, and fraudulent because

12  Defendant is purposely concealing information about the aforementioned defects so that consumers, like

13  Plaintiffs, will purchase and/or lease a vehicle that is neither functionable, reliable, safe, nor fit for its

14  ordinary purpose.

15  94.    Defendant deceived Plaintiffs by failing to disclose the aforementioned defects and inducing

16  the sale of the Subject Vehicle.

17  95.    Defendant has every intention of deceiving and injuring consumers. If it did not, then

18  Defendant would not be so immoral, unethical, oppressive, unscrupulous, and deceptive when it comes

19  to the defective Subject Vehicle.

20  96.    The business scheme deployed by Defendant to deceive Plaintiffs into acquiring the Subject

21  Vehicle with the aforementioned defects is unlawful, unfair, and fraudulent.

22  97.    Plaintiffs surrendered more in the transaction because they purchased a vehicle that was

23  defective. Had Plaintiffs been aware of the aforementioned defects, they would not have acquired the

24  Subject Vehicle in the first place and/or at least paid less for the Subject Vehicle. As such, Plaintiffs have

25  established a loss or deprivation of money or property sufficient to qualify as injury in fact. *Kwikset*

26  *Corp.*, 52 Cal.4th 310, 323.

27  98.    Defendant commits these acts with conscious and reckless disregard to the truth or falsity of

28  such misrepresentations and promises and wrongful acts in violation of Cal. Bus. & Prof. Code § 17200,

1   *et seq.*

2      99.    The acts of Defendant as herein described, present a continuing threat to members of the

3 general public in that Defendant continues to engage in these deceptive practices and will not cease doing

4 so unless and until an injunction is issued by this Court.

5      100.    If Defendant is allowed to continue to engage in these deceptive practices other consumers

6 will also purchase and/or lease defective vehicles putting themselves and others on the road in extreme

7 danger.

8      101.    As a direct result of the aforementioned acts, Defendant unlawfully, unfairly, and unjustly

9 collected and continues to hold revenues and profits derived directly or indirectly from Plaintiffs, who

10 have been victimized by the practices challenged herein. Defendant failed to disgorge and/or waive any

11 of these revenues that do not properly belong to it.

12      102.    In accordance with the provisions of Cal. Bus. & Prof. Code §§ 17200 and 17203, Plaintiffs

13 are entitled to an order enjoining the unlawful, unfair, deceptive, and/or fraudulent acts as described

14 herein, and directing Defendant to make full restitution to Plaintiffs, who have suffered from such acts.

15      103.    As a direct and proximate result of the acts and omissions of Defendant, Plaintiffs have

16 suffered damages for which relief is sought herein.

17      104.    Specifically, damages include the full purchase price of the Subject Vehicle, the depreciation

18 in the value of the Subject Vehicle, and any and all incidental and consequential damages as a result of

19 the purchase, which would not have taken place but for the fraudulent misrepresentations both prior to

20 and at the time of the purchase, including the money spent for the Subject Vehicle's repairs, storage,

21 and/or towing, as well as the money spent on rental vehicles. Alternatively, Plaintiffs suffered damages

22 in the amount of the difference between the Subject Vehicle and a similar vehicle that was in excellent

23 mechanical condition and did not suffer from any defects, as represented to Plaintiffs, plus tax and

24 licensing fees.

25 **SEVENTH CAUSE OF ACTION**

26 VIOLATION OF BUSINESS & PROFESSIONS CODE § 17500, ET SEQ.

27 *(Against All Defendants)*

28   105.    Plaintiffs re-allege and incorporate by reference as fully set forth herein all paragraphs of

1  Plaintiffs' Complaint for Damages.

2      106.    Plaintiffs have standing to bring this claim because they have lost money or property as a

3  result of the misconduct alleged.

4      107.    Cal. Bus. & Prof. Code § 17500, *et seq.* prohibits unfair, deceptive, untrue, or misleading

5  communications and statements, including, but not limited to, false statements as to the nature of services

6  to be provided.

7      108.    The business scheme employed by Defendant is unfair, deceptive, untrue, and misleading

8  because it is taking advantage of its status as an expert in the industry and selling/leasing vehicles to

9  consumers who are unaware, and have no reason to be aware, that the vehicles are in fact defective.

10     109.    Defendant deceived Plaintiffs by designing, manufacturing, producing, distributing, selling

11  and/or leasing the Subject Vehicle with the aforementioned defects.

12     110.    Defendant intentionally made the previously alleged misrepresentations and promises,

13  devised, and executed a scheme to defraud Plaintiffs, and did so resulting in a damage to Plaintiffs with

14  the conscious and reckless disregard to the truth or falsity of such misrepresentations and promises and

15  wrongful acts.

16     111.    In acting so, Defendant committed acts of untrue and misleading advertising as defined in Cal.

17  Bus. & Prof. Code § 17500, by advertising its services contrary to their true nature.

18     112.    Defendant knew, or should have known, that the Subject Vehicle was defective and therefore

19  was not functionable, reliable, safe, or even fit for its ordinary purpose.

20     113.    Plaintiffs did in fact rely on Defendant's deceptive, untrue, and misleading communications

21  and statements and suffered damages as a direct result. Specifically, Defendant's deceptive, untrue, and

22  misleading communications and statements tricked Plaintiffs into acquiring the Subject Vehicle. As such,

23  Plaintiffs have established a loss or deprivation of money or property sufficient to qualify as injury in

24  fact. *Kwikset,* 52 Cal.4th 310, 323.

25     114.    Plaintiffs' reliance on the representations was justified and reasonable because Manufacturer

26  is an expert in the industry. There was no reason for Plaintiffs to know that the Subject Vehicle was

27  defective and therefore was not functionable, reliable, safe, or even fit for its ordinary purpose.

28     115.    Defendant's unfair, deceptive, untrue, and misleading communications and advertising

-24-

PLAINTIFFS' COMPLAINT FOR DAMAGES

described above present a continuing threat to members of the general public in that Defendant will continue to engage in these practices with respect to the general public and will not cease doing so unless and until an injunction is issued by this Court.

116.    If Defendant is allowed to continue to engage in these deceptive practices more consumers will purchase and/or lease defective vehicles putting more and more people in extreme danger.

117.    As a direct result of the aforementioned acts, Defendant has received, and continues to unjustly hold, collect, or accept revenues derived directly or indirectly from Plaintiffs, through untrue and misleading representations and advertising.

118.    In accordance with the provisions of Cal. Bus. & Prof. Code §§ 17500 and 17535, Plaintiffs are entitled to an order enjoining the acts of untrue and misleading advertising and representations described herein and directing Defendant to make full restitution to Plaintiffs, who suffered from such acts.

119.    As a direct and proximate result of the acts and omissions of Defendant, Plaintiffs have suffered damages for which relief is sought herein.

120.    Specifically, damages include the full purchase price of the Subject Vehicle, the depreciation in value of the Subject Vehicle, and any and all incidental and consequential damages as a result of the purchase, which would not have taken place but for the fraudulent misrepresentations both prior to and at the time of the purchase, including the money spent for the Subject Vehicle's repairs, storage, and/or towing, as well as the money spent on rental vehicles. Alternatively, Plaintiffs suffered damages in the amount of the difference between the Subject Vehicle and a similar vehicle that was in excellent mechanical condition and did not suffer from any defects, as represented to Plaintiffs, plus tax and licensing fees.

## EIGHTH CAUSE OF ACTION

### NEGLIGENCE

*(Against All Defendants)*

121.    Plaintiffs re-allege and incorporate by reference as fully set forth herein all paragraphs of Plaintiffs' Complaint for Damages.

122.    At all times mentioned herein, Defendant was engaged in the business of designing,

manufacturing, testing, distributing, selling, inspecting, repairing, marketing, constructing, labeling, and advertising of the Subject Vehicle.

123.    At all times mentioned herein, Defendant had a duty of care in the designing, manufacturing, testing, distributing, selling, inspecting, repairing, marketing, constructing, labeling, and advertising of the Subject Vehicle.

124.    At all times mentioned herein, Defendant had a duty to warn all users of its vehicles of the attendant risks of harm, said risks of harm being at all times known and/or foreseeable to Defendant.

125.    At all times mentioned herein, Defendant knew, or in the exercise of reasonable care should have known, that if the Subject Vehicle was not properly designed, manufactured, tested, distributed, sold, inspected, repaired, marketed, constructed, and labeled, for the use and purpose for which the Subject Vehicle was intended, the Subject Vehicle was likely to cause injuries to owners, passengers, and users of the Subject Vehicle.

126.    Since the date of the purchase, Plaintiffs have used the Subject Vehicle in the way it was intended to be used. At that time and prior thereto, Defendant negligently and carelessly manufactured, designed, constructed, equipped, tested, installed, repaired, assembled, maintained, and handled the Subject Vehicle so that it was defective and unsafe when used and operated in the manner for which it was intended.

127.    The Subject Vehicle's defects existed at the time it left Defendant's control.

128.    As a direct and legal result of the Subject Vehicle's defects, Plaintiffs were injured by the Subject Vehicle while it was being used in the manner for which it was intended, the risk of which was at all times known and foreseeable to Defendant.

129.    As a direct and proximate result of the acts and omissions of Defendant, Plaintiffs have suffered damages for which relief is sought herein.

130.    Specifically, damages include full purchase price of the Subject Vehicle, the depreciation in value of the Subject Vehicle, and any and all incidental and consequential damages as a result of the purchase, which would not have taken place but for the fraudulent misrepresentations both prior to and at the time of the purchase, including the money spent for the Subject Vehicle's repairs, storage, and/or towing, as well as the money spent on rental vehicles. Alternatively, Plaintiffs suffered damages in the

amount of the difference between the Subject Vehicle and a similar vehicle that was in excellent mechanical condition and did not suffer from any defects, as represented to Plaintiffs, plus tax and licensing fees.

### NINTH CAUSE OF ACTION

### STRICT LIABILITY

*(Against all Defendants)*

131.    Plaintiffs re-allege and incorporate by reference as fully set forth herein all paragraphs of Plaintiffs' Complaint for Damages.

132.    The Subject Vehicle was defective in its design and/or its manufacture.

133.    Manufacturer is the manufacturer of the Subject Vehicle.

134.    The Subject Vehicle's defects existed when it left Manufacturer's possession.

135.    The defects were the cause of Plaintiffs' injury.

136.    Plaintiffs' injury resulted from their reasonably foreseeable use of the Subject Vehicle.

137.    As a direct and proximate result of the acts and omissions of Manufacturer, Plaintiffs have suffered damages for which relief is sought herein.

138.    Specifically, damages include full purchase price of the Subject Vehicle, the depreciation in value of the Subject Vehicle, and any and all incidental and consequential damages as a result of the purchase, which would not have taken place but for the fraudulent misrepresentations both prior to and at the time of the purchase, including the money spent for the Subject Vehicle's repairs, storage, and/or towing, as well as the money spent on rental vehicles. Alternatively, Plaintiffs suffered damages in the amount of the difference between the Subject Vehicle and a similar vehicle that was in excellent mechanical condition and did not suffer from any defects, as represented to Plaintiffs, plus tax and licensing fees.

### PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for judgment as follows:

- For recovery of the greater of actual damages according to proof, if adequate, as appropriate;

- For recovery of all incidental damages, as appropriate;

- For recovery of all consequential damages, as appropriate;
- For restitution, as appropriate;
- For injunctive relief, as appropriate;
- For recovery of interest at the legal rate, as appropriate;
- For recovery for all reasonable attorneys' fees and the aggregate amount of costs reasonably incurred pursuant to California's Private Attorney General Statute, Cal. Civ. Proc. Code § 1021.5, as appropriate; or
- Recovery for all reasonable attorneys' fees and the aggregate amount of costs reasonably incurred pursuant to Cal. Civ. Code § 1794;
- For refund of all monies paid for the Subject Vehicle including all collateral charges and incidental damages pursuant to Cal. Civ. Code § 1793.2(d);
- A civil penalty not to exceed two times the amount of actual damages pursuant to Cal. Civ. Code § 1794(c);
- For refund of all monies paid for the Subject Vehicle pursuant to 15 U.S.C. § 2304(a)(4);
- For refund of all incidental and consequential damages incurred pursuant to 15 U.S.C. § 2304(a)(3);
- For recovery for all reasonable attorneys' fees and the aggregate amount of costs reasonably incurred pursuant to § 2310(d)(2); and
- For recovery of One Hundred Sixty-Eight Thousand Six Hundred Nineteen Dollars and Fifty-Two Cents ($168,619.52) in damages.

**PLAINTIFFS HEREBY REQUEST A JURY TRIAL IN THIS MATTER.**

DATED: 10/21/2024

THE MARGARIAN LAW FIRM
462 West Colorado Street
Glendale, California 91204

By /s/ Hovanes Margarian
Hovanes Margarian
Attorney for Plaintiffs
AJAYMILAN KANTILAL GANDHI
KRISHIL AJAYMILAN GANDHI

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

PLAINTIFFS` COMPLAINT FOR DAMAGES

Serial: Reservation RN120852023

# T Ξ 5 L ☰

## Motor Vehicle Purchase Agreement

### Vehicle Configuration

**Customer Information**

AJAYMILAN KANTILAL GANDHI

KRISHIL AJAYMILAN GANDHI

VIN 7SAYGAEE2PF969953

Reservation RN120852023

| Description | Total in USD |
|---|---|
| Model Y Long Range Dual Motor All-Wheel Drive | $9,000.00 |
| Dual Motor All-Wheel Drive | $0.00 |
| Seven Seat Interior | $3,000.00 |
| All Black Premium Interior | $0.00 |
| Deep Blue Metallic Paint | $1,000.00 |
| 20'' Induction Wheels | $2,000.00 |
| Autopilot | $0.00 |
| Model Y | $39,990.00 |
| Premium Interior | $0.00 |
| Supercharger Network Access + Pay-as-you-go | $0.00 |
| Subtotal | $54,990.00 |
| Destination Fee | $1,390.00 |
| Order Fee | $250.00 |
| Transportation Fee (if applicable) | $0.00 |
| Carrier Direct Fee (if applicable) | $0.00 |
| Order Modification Fee (if applicable) | $0.00 |
| Total | $56,630.00 |

| | |
|---|---|
| Order Fee Payment | $250.00 |
| Transport Fee Payment | $0.00 |
| Order Deposit | $0.00 |
| Accepted by Customer on | 01/12/2024 |
| Odometer | 24 |

Price indicated does not include taxes and governmental fees, which will be calculated as your delivery date nears. You will be responsible for these additional taxes and fees.



# Motor Vehicle Purchase Agreement
## Final Price Sheet

| DATE OF AGREEMENT | 01/17/2024 |
|---|---|

| BUYER'S AND CO-BUYER'S NAME AND ADDRESS: | SELLER'S NAME AND ADDRESS: |
|---|---|
| AJAYMILAN KANTILAL GANDHI<br>KRISHIL AJAYMILAN GANDHI | Tesla Motors Inc.<br>811 South San Fernando Boulevard<br>Burbank, CA 91502 |

**DESCRIPTION OF PROPERTY**

| New/Used | Year | Make | Model | Style | Vehicle Identification Number | Odometer |
|---|---|---|---|---|---|---|
| New | 2023 | TESLA | Model Y | UT | 7SAYGAEE2PF969953 | 24 |

**PURCHASE PRICE**

| | | | |
|---|---|---:|---:|
| 1. | **Total Vehicle Price** | | |
| | A. Cash price of motor vehicle, options, accessories and fees. | | |
| | (See attached Vehicle Configuration for itemization.) | $ 56,630.00 (A) | |
| | B. Other: Price Adjustment | $ 5,500.00 (B) | |
| | C. Other: N/A | $ 0.00 (C) | |
| | Total Vehicle Price (A through C) | | $ 51,130.00 (1) |
| 2. | **Tax Calculation** | | |
| | A. Trade-in tax credit (if applicable) | $ 0.00 (A) | |
| | B. Taxable Fees (if applicable) | $ 0.00 (B) | |
| | C. Subtotal of Taxable Items | $ 51,130.00 (C) | |
| | D. Sales Tax | | $ 4,218.23 (2D) |
| | E. Other: N/A | | $ 0.00 (2E) |
| | Total Cash Price (1 plus 2D and 2E) | | $ 55,348.23 (2) |
| 3. | **Amounts Paid to Government Agencies and Vendors*** | | |
| | A. Registration/Transfer/Titling Fees | $ 307.00 (A) | |
| | B. License Fee (if applicable) | $ 331.00 (B) | |
| | C. Tire Fee (if applicable) | $ 7.00 (C) | |
| | D. Battery Fee (if applicable) | $ 0.00 (D) | |
| | E. Other Fee(s): Electronic Reg/Title Filing Fee | $ 33.00 (E) | |
| | F. Other Fee(s): N/A | $ 0.00 (F) | |
| | G. Other Fee(s): N/A | $ 0.00 (G) | |
| | Total Government/Vendor Fees (A through G) | | $ 678.00 (3) |
| 4. | **Subtotal (2 plus 3)** | | $ 56,026.23 (4) |
| 5. | **Total Credits** | | |
| | A. Deposit | $ 0.00 (A) | |
| | B. Order Fee Payment | $ 250.00 (B) | |
| | C. Transport Fee Payment (if applicable) | $ 0.00 (C) | |
| | D. Financed Amount: | $ 0.00 (D) | |
| | E. EV Incentive (if applicable) | $ 0.00 (E) | |
| | F. Federal EV Incentive (if applicable) | $ 7,500.00 (F) | |
| | G. Trade in value applied to purchase (if applicable) | $ 0.00 (G) | |
| | H. Customer downpayment | $ 48,276.23 (H) | |
| | Total Credits (A through H) | | $ 56,026.23 (5) |
| 6. | **Amount Due from Buyer (4 through 5)** | | $ 0.00 (6) |

*Seller may retain or receive part of the amounts paid to others.

Auto Broker Fee: This transaction is not subject to a fee received by an auto broker from Seller unless this box is checked.
☐ If checked, name of auto broker receiving fee: n/a

## Motor Vehicle Order Agreement
### Terms & Conditions

**Documentation.** Your Motor Vehicle Order Agreement (the "Agreement") is made up of the following documents:

1. **Vehicle Configuration**: The Vehicle Configuration describes the vehicle that you configured and ordered, including pricing (excluding taxes and official or government fees).

2. **Final Price Sheet**: The Final Price Sheet will be provided to you as your delivery date nears. It will include final pricing based on your final Vehicle Configuration and will include taxes and official or governmental fees.

3. **Terms & Conditions**: These Terms & Conditions are effective as of the date you place your order and make your Order Fee (the "Order Date").

**Agreement to Purchase.** You agree to purchase the vehicle (the "Vehicle") described in your Vehicle Configuration from Tesla, Inc. or its affiliate ("we," "us" or "our"), pursuant to the terms and conditions of this Agreement. Your Vehicle is priced and configured based on features and options available at the time of order and you can confirm availability with a Tesla representative. Options, features or hardware released or changed after you place your order may not be included in or available for your Vehicle. If you are purchasing a used Vehicle, it may exhibit signs of normal wear and tear in line with its respective age and mileage.

**Purchase Price, Taxes and Official Fees.** The purchase price of the Vehicle is indicated in your Vehicle Configuration. This purchase price does not include taxes and official or government fees, which could amount to up to 10% or more of the Vehicle purchase price. Because these taxes and fees are constantly changing and will depend on many factors, such as where you register the Vehicle, they will be calculated closer to the time of delivery and indicated on your Final Price Sheet. You are responsible for paying these additional taxes and fees. If Tesla is registering your Vehicle, this will be due when you pay the purchase price. If you are registering your Vehicle in a self-registration state, the sales tax and state-applicable registration fees may be due at time of registration. If you present a check for any payment, we may process the payment as a normal check transaction, or we may use information from your check to make a one-time electronic fund transfer from your account, in which case your bank account will reflect this transaction as an Electronic Fund Transfer. If you are purchasing a used Vehicle, your Order Deposit will be applied to your Purchase Price.

**Order Process; Cancellation; Changes.** After you submit your completed order, we will begin the process of preparing and coordinating your Vehicle delivery. At this point, you agree that any paid Order Fee, Order Deposit and Transportation fee have been earned. If you cancel your order or breach this Agreement and we cancel your order, you agree that we may retain as liquidated damages the Order Fee, Order Deposit and Transportation Fee, to the extent not otherwise prohibited by law. You acknowledge that the Order Fee, Order Deposit and Transportation Fee are a fair and reasonable estimate of the actual damages we have incurred or may incur in transporting, remarketing, and reselling the Vehicle, costs which are otherwise impracticable or extremely difficult to determine. If you make changes to your order, you may be subject to potential price increases for any pricing adjustments made since your original Order Date. Any changes made by you to your Vehicle Configuration, including changes to the delivery location or estimated delivery date, will be reflected in a subsequent Vehicle Configuration that will form part of this Agreement. The Order Fee, Order Deposit, Transportation Fee and this Agreement are not made or entered into in anticipation of or pending any conditional sale contract.

**Delivery; Transfer of Title.** If you are picking up your Vehicle in a state where we are licensed to sell the Vehicle, we will notify you of when we expect your Vehicle to be ready for delivery at your local Tesla Delivery Center, or other location as we may agree to. You agree to schedule and take delivery of your Vehicle within three (3) days of this date. If you do not respond to our notification or are unable to take delivery within the specified period, your Vehicle may be made available for sale to other customers. For new vehicles, if you do not take delivery within fourteen (14) days of our first attempt to notify you, Tesla may cancel your order and keep your Order Fee.

If you wish to pick up your Vehicle in a state where we are not licensed to sell the Vehicle, or if you and Tesla otherwise agree, Tesla will, on your behalf and at your cost, coordinate the shipment of your Vehicle to you, generally from our factory in California or another state where we are licensed to sell the Vehicle. In such a case, you agree that this is a shipment contract under which Tesla will coordinate the shipping of the Vehicle to you via a third-party common carrier or other mode of transport. You agree that delivery of the Vehicle, including the transfer of title and risk of loss to you, will occur at the time your Vehicle is loaded onto the transport (i.e., FOB shipping point). During such transit, your Vehicle will be insured at no cost to you, and you will be the beneficiary of any claims for damage to the Vehicle or losses occurring while the Vehicle is in transit. To secure your final payment

and performance under the terms of this Agreement, we will retain a security interest in the Vehicle and all proceeds therefrom until your obligations have been fulfilled.

If you choose to pick up your Vehicle in a state in which we are not licensed to sell the Vehicles, the Vehicle may be delivered or shipped to you from a state in which Tesla likewise does not have a license to sell the Vehicles. In such a case, you agree that the sale is transacted, and legal title to the Vehicle transfers to you, in the State of California, at the later of the time that (i) you make your final payment to Tesla in California or (ii) Tesla approves your purchase from a sales or delivery location in California (if applicable).

The estimated delivery date of your Vehicle, if provided, is only an estimate as we do not guarantee when your Vehicle will actually be delivered. Your actual delivery date is dependent on many factors, including your Vehicle's configuration and manufacturing availability.

**Incentives.** Tesla makes no promises, warranties or guarantees regarding fund availability or your eligibility for any incentives, rebates and tax credits (the "Incentives") related to the Vehicle. If Tesla has credited your Purchase Price for the amount of an Incentive, but you do not qualify for the Incentive, you shall reimburse Tesla for the amount of the credit.

---

**Agreement to Arbitrate.** Please carefully read this provision, which applies to any dispute between you and Tesla, Inc. and its affiliates, (together "Tesla").

If you have a concern or dispute, please send a written notice describing it and your desired resolution to resolutions@tesla.com.

If not resolved within 60 days, you agree that any dispute arising out of or relating to any aspect of the relationship between you and Tesla will not be decided by a judge or jury but instead by a single arbitrator in an arbitration administered by the American Arbitration Association (AAA) under its Consumer Arbitration Rules. This includes claims arising before this Agreement, such as claims related to statements about our products. You further agree that any disputes related to the arbitrability of your claims will be decided by the court rather than an arbitrator, notwithstanding AAA rules to the contrary.

To initiate the arbitration, you will pay the filing fee directly to AAA and we will pay all subsequent AAA fees for the arbitration, except you are responsible for your own attorney, expert, and other witness fees and costs unless otherwise provided by law. If you prevail on any claim, we will reimburse you your filing fee. The arbitration will be held in the city or county of your residence. To learn more about the Rules and how to begin an arbitration, you may call any AAA office or go to www.adr.org.

The arbitrator may only resolve disputes between you and Tesla, and may not consolidate claims without the consent of all parties. The arbitrator cannot hear class or representative claims or requests for relief on behalf of others purchasing or leasing Tesla vehicles.  In other words, you and Tesla may bring claims against the other only in your or its individual capacity and not as a plaintiff or class member in any class or representative action.  If a court or arbitrator decides that any part of this agreement to arbitrate cannot be enforced as to a particular claim for relief or remedy, then that claim or remedy (and only that claim or remedy) must be brought in court and any other claims must be arbitrated.

If you prefer, you may instead take an individual dispute to small claims court.

You may opt out of arbitration within 30 days after signing this Agreement by sending a letter to: Tesla, Inc.; P.O. Box 15430; Fremont, CA  94539-7970, stating your name, Order Number or Vehicle Identification Number, and intent to opt out of the arbitration provision. If you do not opt out, this agreement to arbitrate overrides any different arbitration agreement between us, including any arbitration agreement in a lease or finance contract.

---

**Connectivity.** Standard Connectivity is included in your Vehicle, at no additional cost, for eight (8) years beginning on the first day your Vehicle was delivered as new by Tesla, or the first day it is put into service (for example used as a demonstrator or company vehicle), whichever comes first. A trial of Premium Connectivity will be included following delivery of the Vehicle. Once this trial is over as detailed at www.tesla.com/support/connectivity, you may subscribe to Premium Connectivity or your Vehicle will return to Standard Connectivity. Features included in Premium Connectivity are subject to change and may be limited or unavailable due to Obsolete Hardware. You understand and agree that the cellular or other network needed for any Connectivity is provided by your local telecommunications company and other external providers, and that we are not liable for any parts, software, upgrades or any other costs (including labor) needed to use or maintain network connectivity or compatibility with any features or services externally

supplied to the Vehicle. Any connectivity issues (including for quality, functionality or coverage) or gaps in service unrelated to a hardware fault or failure are not covered by Tesla warranties.

**Obsolete Hardware and Future Firmware Updates.** The Vehicle will regularly receive over-the-air software updates that add new features and enhance existing ones over Wi-Fi. Future software updates may not be provided for your Vehicle, or may not include all existing or new features or functionality, due to your Vehicle's age, configuration, data storage capacity or parts, after the expiration of your Warranty. We are not liable for any parts or labor or any other cost needed to update or retrofit the Vehicle so that it may receive these updates, or any Vehicle issues occurring after the installation of any software updates due to obsolete, malfunctioning (except as covered by your Warranty) or damaged hardware.

**Privacy Policy; Payment Terms for Services; Supercharger Fair Use Policy.** Tesla's Customer Privacy Policy; Payment Terms for Services and Supercharger Fair Use Policy are incorporated into this Agreement and can be viewed at www.tesla.com/about/legal.

**Warranty.** You will receive access to the Tesla New Vehicle Limited Warranty or the Tesla Used Vehicle Limited Warranty, as applicable, at or prior to the time of Vehicle delivery or pickup. The warranty version applicable to your Vehicle is that which was in effect when the Vehicle was first delivered or picked up from Tesla directly, including by any previous owners. You may also obtain a written copy of your warranty from us upon request and view the current version at our website.

**Limitation of Liability.** We are not liable for any incidental, special or consequential damages arising out of this Agreement. Your sole and exclusive remedy under this Agreement will be limited to reimbursement of your Order Fee, Order Deposit and Transportation Fee.

**No Resellers; Discontinuation; Cancellation.** Tesla and its affiliates sell cars directly to end-consumers, and we may unilaterally cancel any order that we believe has been made with a view toward resale of the Vehicle or that has otherwise been made in bad faith, and we'll keep your Order Fee, Order Deposit and Transportation Fee. This includes orders for which a third-party is facilitating or brokering the sale, or if the vehicles are to be exported to somewhere other than where you tell us you will be registering the Vehicle. We may also cancel your order and refund your Order Fee, Order Deposit and Transportation Fee if we discontinue a product, feature or option after the time you place your order. We work to fulfill your order as quickly as we can. If you become unresponsive to us or fail to complete a requested action to progress towards delivery of your Vehicle, we may cancel your order and keep your Order Fee, Order Deposit and Transportation Fee. Alternatively, Tesla may give you the option to reconfigure your Vehicle at the current pricing.

For Cybertruck Only: You understand and acknowledge that the Cybertruck will first be released in limited quantity. You agree that you will not sell or otherwise attempt to sell the Vehicle within the first year following your Vehicle's delivery date. Notwithstanding the foregoing, if you must sell the Vehicle within the first year following its delivery date for any unforeseen reason, and Tesla agrees that your reason warrants an exception to its no reseller policy, you agree to notify Tesla in writing and give Tesla reasonable time to purchase the Vehicle from you at its sole discretion and at the purchase price listed on your Final Price Sheet less $0.25/mile driven, reasonable wear and tear, and the cost to repair the Vehicle to Tesla's Used Vehicle Cosmetic and Mechanical Standards. If Tesla declines to purchase your Vehicle, you may then resell your Vehicle to a third party only after receiving written consent from Tesla. You agree that in the event you breach this provision, or Tesla has reasonable belief that you are about to breach this provision, Tesla may seek injunctive relief to prevent the transfer of title of the Vehicle or demand liquidated damages from you in the amount of $50,000 or the value received as consideration for the sale or transfer, whichever is greater. Tesla may also refuse to sell you any future vehicles.

**Default and Remedies.** You will be in default and/or breach of this Agreement if any one of the following occurs (except as prohibited by law): you fail to perform an obligation that you have undertaken in the Agreement; or we, in good faith, believe that you cannot, or will not pay or perform the obligations you have agreed to in this Agreement. You will also be in default and/or breach of this Agreement if you provide false or misleading information in your order, or do anything else the law says is a default. If you are in default, we may, after any legally required notice or waiting period: (i) do anything to protect our interest in the Vehicle, including repossessing the Vehicle using legally permitted means, (ii) locate and disable the Vehicle electronically using our remote dynamic vehicle connection described in our Privacy Policy, (iii) sue you for damages or to get the Vehicle back, and/or (iv) charge you for amounts we spend taking these actions, including but not limited to attorney fees and costs.

**Governing Law; Integration; Assignment.** Except as provided below, the terms of this Agreement are governed by, and to be interpreted according to, the laws of the State in your address indicated on your Vehicle Configuration. Prior agreements, oral statements, negotiations, communications or representations about the Vehicle sold under this Agreement are superseded by this

Agreement. Terms relating to the purchase not expressly contained herein are not binding. We may assign this Agreement at our discretion to one of our affiliated entities.

**State-Specific Provisions.**  You acknowledge that you have read and understand the provisions applicable to you in the State-Specific Provisions attachment to this Agreement.

This Agreement is entered into and effective as of the date you accept this Agreement, by electronic means or otherwise.  By confirming and accepting this Agreement, you agree to the terms and conditions of this Agreement.

## State Specific Provisions

For **NEW YORK** residents:  If the Vehicle is not delivered in accordance with the Agreement within 30 days following the estimated delivery date, you have the right to cancel the Agreement and receive a full refund, unless the delay in delivery is attributable to you.
If this motor vehicle is classified as a used motor vehicle, the dealer named above certifies that the entire vehicle is in condition and repair to render, under normal use, satisfactory and adequate service upon the public highway at the time of delivery.
The dealer named above further certifies that this vehicle complies with the inflatable restraint system requirements found in section 419-a of New York State Vehicle and Traffic Law.
The amount indicated on the sales contract or lease agreement for registration and title fees is an estimate. In some instances, it may exceed the actual fees due the Commissioner of Motor Vehicles. The dealer will automatically, and within 60 days of securing such registration and title, refund any amount overpaid for such fees.

For **MASSACHUSETTS** residents: ATTENTION PURCHASER:  All vehicles are WARRANTED as a matter of state law. They must be fit to be driven safely on the roads and must remain in good running condition for a reasonable period of time. If you have significant problems with the Vehicle or if it will not pass a Massachusetts inspection, you should notify us immediately. We may be required to fix the car or refund your money. THIS WARRANTY IS IN ADDITION TO ANY OTHER WARRANTY GIVEN BY US.

For **MICHIGAN** residents and purchasers:  The terms of this Agreement are governed by, and are to be interpreted according to, Michigan law.  The sale of your vehicle will be transacted outside of Michigan, and in a state in which Tesla has a license to sell vehicles, as explained in the body of the Agreement.

For **WASHINGTON, D.C.** residents:

NOTICE TO PURCHASER

IF, AFTER A REASONABLE NUMBER OF ATTEMPTS, THE MANUFACTURER, ITS AGENT, OR AUTHORIZED DEALER IS UNABLE TO REPAIR OR CORRECT ANY NON-CONFORMITY, DEFECT, OR CONDITION WHICH RESULTS IN SIGNIFICANT IMPAIRMENT OF THE MOTOR VEHICLE, THE MANUFACTURER, AT THE OPTION OF THE CONSUMER, SHALL REPLACE THE MOTOR VEHICLE WITH A COMPARABLE MOTOR VEHICLE, OR ACCEPT RETURN OF THE MOTOR VEHICLE FROM THE CONSUMER AND REFUND TO THE CONSUMER THE FULL PURCHASE PRICE, INCLUDING ALL SALES TAX, LICENSE FEES, REGISTRATION FEES, AND ANY SIMILAR GOVERNMENT CHARGES. IF YOU HAVE ANY QUESTIONS CONCERNING

YOUR RIGHTS, YOU MAY CONTACT THE DEPARTMENT OF CONSUMER AND REGULATORY AFFAIRS.

Seller certifies that the information contained in the itemization of the purchase price, including the Vehicle Configuration, and required by Chapter 3 (Buying, Selling and Financing Motor Vehicles) of Title 16 of the Code of D.C. Municipal Regulations, is true to the best of our knowledge.

For **RHODE ISLAND** residents: Rhode Island law requires that all motor vehicles sold at retail must be in such condition as to pass a State safety inspection at the time of sale so as to protect consumers.

For **VIRGINIA** residents: **IF YOU ARE FINANCING THIS VEHICLE, PLEASE READ THIS NOTICE: YOU ARE PROPOSING TO ENTER INTO A RETAIL INSTALLMENT SALES CONTRACT WITH THE DEALER. PART OF YOUR CONTRACT INVOLVES FINANCING THE PURCHASE OF YOUR VEHICLE. IF YOU ARE FINANCING THIS VEHICLE AND THE DEALER INTENDS TO TRANSFER YOUR FINANCING TO A FINANCE PROVIDER SUCH AS A BANK, CREDIT UNION OR OTHER LENDER, YOUR VEHICLE PURCHASE DEPENDS ON THE FINANCE PROVIDER'S APPROVAL OF YOUR PROPOSED RETAIL INSTALLMENT SALES CONTRACT. IF YOUR RETAIL INSTALLMENT SALES CONTRACT IS APPROVED WITHOUT A CHANGE THAT INCREASES THE COST OR RISK TO YOU OR THE DEALER, YOUR PURCHASE CANNOT BE CANCELLED. IF YOUR RETAIL INSTALLMENT SALES CONTRACT IS NOT APPROVED, THE DEALER WILL NOTIFY YOU VERBALLY OR IN WRITING. YOU CAN THEN DECIDE TO PAY FOR THE VEHICLE IN SOME OTHER WAY OR YOU OR THE DEALER CAN CANCEL YOUR PURCHASE. IF THE SALE IS CANCELLED, YOU NEED TO RETURN THE VEHICLE TO THE DEALER WITHIN 24 HOURS OF VERBAL OR WRITTEN NOTICE IN THE SAME CONDITION IT WAS GIVEN TO YOU, EXCEPT FOR NORMAL WEAR AND TEAR. ANY DOWN PAYMENT OR TRADE-IN YOU GAVE THE DEALER WILL BE RETURNED TO YOU. IF YOU DO NOT RETURN THE VEHICLE WITHIN 24 HOURS OF VERBAL OR WRITTEN NOTICE OF CANCELLATION, THE DEALER MAY LOCATE THE VEHICLE AND TAKE IT BACK WITHOUT FURTHER NOTICE TO YOU AS LONG AS THE DEALER FOLLOWS THE LAW AND DOES NOT CAUSE A BREACH OF THE PEACE WHEN TAKING THE VEHICLE BACK. IF THE DEALER DOES NOT RETURN YOUR DOWN PAYMENT AND ANY TRADE-IN WHEN THE DEALER GETS THE VEHICLE BACK IN THE SAME CONDITION IT WAS GIVEN TO YOU, EXCEPT FOR NORMAL WEAR AND TEAR, THE DEALER MAY BE LIABLE TO YOU UNDER THE VIRGINIA CONSUMER PROTECTION ACT.**

# T E S L A

## Payment Instructions - MVPA

### Electronic Check

The easiest way to pay for your Model Y is by electronic check, also known as ACH. Prior to delivery, you will be invited to make your payment through the Tesla Plaid Link in the Tesla App. To make a payment now, please sign in to your Tesla account on the App.

### Cashier's Check

If you are planning to pay for your Model Y with a cashier's check, please make it payable to Tesla, Inc. In many states you may bring this check directly to your delivery appointment.

Some states may require this check to be sent to our Funding Team in advance of the delivery. If so, please provide your delivery center with a photo of the front and back of the cashier's check as well as the tracking information to the following address:

ATTN: Funding Team
    45500 Fremont Blvd
    Fremont, CA 94538

### Wire Transfer

For Customer down payments, please use the below wire instructions.

Please include your name and your order number (RN120852023) when paying by wire transfer.

| | |
|---|---|
| Bank Name | Wells Fargo Bank, N.A. |
| Bank Address | 420 Montgomery San Francisco, CA 94104 |
| Account Name | Tesla Motors Inc. |
| Account # | |
| ABA/Routing # | |
| Company Address | 45500 Fremont Blvd Fremont, CA 94538 |
| Note | *Your name,* RN120852023 |

Please note: If you are sending a wire from Bank of America, you must use this account number: 4000118323

#### For Third Party Finance Bank Payments

| | |
|---|---|
| Bank Name | Wells Fargo Bank, N.A. |
| Bank Address | 420 Montgomery San Francisco, CA 94104 |
| Account Name | Tesla Motors Inc. |
| Account # | |
| Routing # | |
| Company Address | 45500 Fremont Blvd Fremont, CA 94538 |
| Note | *Your name,* RN120852023 |

#### Disclaimer

These third party finance payment wiring instructions only pertain to customers that are financing through their lender of choice.



## Delivery Declaration - MVPA

| VEHICLE DESCRIPTION | | |
|---|---|---|
| Year/Model | Buyer Name/s | VIN |
| 2023 / Model Y | AJAYMILAN KANTILAL GANDHI<br>KRISHIL AJAYMILAN GANDHI | 7SAYGAEE2PF969953 |

BY SIGNING BELOW, YOU AGREE THAT YOU HAVE TAKEN DELIVERY OF YOUR <u>Model Y</u> ON OR BEFORE <u>01/17/2024</u> AND THAT YOU AGREE WITH YOUR FINAL MOTOR VEHICLE PURCHASE AGREEMENT, WHICH HAS BEEN UPLOADED TO AND IS AVAILABLE IN YOUR MYTESLA ACCOUNT.

Name of Buyer or Buyer's Agent taking Delivery (please print):  AJAYMILAN KANTILAL GANDHI

Signed: _____

On behalf of: _____ [Buyer Name/s]

Date:  01/17/2024 _____

Tesla Advisor Signature: _____

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT B**

PLAINTIFFS' COMPLAINT FOR DAMAGES

**Tesla, Inc**
28721 Canwood Street Bldg A
Agoura Hills,CA,US 91301
Ph.: (818) 540-4729

# Invoice

**SERVICE DEPARTMENT HOURS**
Mon-Fri 8:00 a.m. - 5:00 p.m
Saturday-Sunday Sat 8am – 5pm, Sun
Closed

B.A.R# ARD00294160
E.P.A ID# CAL 000430763

| Invoice date | Invoice number |
|---|---|
| 25-May-2024 | 3000S0010156308 |
| **Due Date** | |
| 25 May 2024 | |
| **Date/Time Received** | **Date/Time Promised** |
| 25-Jan-2024 13:43:52 | 30-Jan-2024 19:00:09 |
| **Odometer In** | **Odometer Out** |
| 109 Miles | 122 Miles |
| **Ready Date** | |
| 31-Jan-2024 15:24:08 | |
| **Service Advisor** | |
| Karlo Cabal | |

**Paid**

| Bill To | | | |
|---|---|---|---|
| Ajaymilan Gandhi | | | |

| Mobile Phone | Additional Phone | | Vehicle Identification Number |
|---|---|---|---|
| | | | 7SAYGAEE2PF969953 |
| **Year** | **Model** | **License Plate Number** | **Colour** |
| 2023 | MODEL Y | 9KSW024 | Deep Blue Metallic |

| Job Number | Description Of Work | Amount (USD) |
|---|---|---|
| 1 | **Concern:** Customer states: Windshield Wipers   The Auto mode in the windshield wipers do not work. I picked up my car today and while driving it home it was raining but the wipers did not turn on even though it was in auto mode 01/17/2024 around 2 pm. Then it occurred again at 6:17 pm on 01/17/2024<br><br>**Repair Notes:** Reviewed the technical data on your vehicle regarding your Autowipers BETA and no hardware issues were found. Please note that Autowipers BETA in particular is early in it's development as a technology, and some customers may prefer to use the manual wipers instead. We recommend using the manual wipers as needed. Your vehicle is equipped with Tesla Vision rain intensity detection, which utilizes autopilot hardware to detect rain. Your vehicle does not have a dedicated rain sensor. The autowiper function is governed by an algorithm via the autopilot computer. Be assured that this is a feature that will improve with every over the air software update, and we encourage trying it as the technology is developed further.<br><br>**Correction: Remote Diagnosis**<br><br>**Correction: Remote – Education**<br><br>**Correction: Remote – Known Characteristic of Current Firmware**<br><br>Pay Type: Goodwill Internal | 0.00 |
| 2 | **Concern:** Customer states: Exterior Trim   The left plastic skirt is misaligned with the left wheel arch<br><br>**Repair Notes:**<br><br>**Correction: Diagnosis: Unable to Replicate Concern**<br><br>Pay Type: Goodwill  Service | 0.00 |

| 3 | **Concern:** Secondly, the left plastic skirt is misaligned with the left rear wheel arch. It's not flush. | |
| | **Repair Notes:** . | |
| | **Correction: Adjustment: Exterior Trim** | |
| | Pay Type: Rectification | **0.00** |

**Concern:** Third, there's a lot of scratches on the drive mode stalk that need to be repaired. Bear in mind this is a brand new vehicle and it's only been under my ownership for less than 24 hours.

**Repair Notes:** Replaced Steering Column Control Module.

**Correction: Module - Steering Column Control (Remove & Replace) - Remove and Replace**

**Parts Replaced or Added**

| Part | Quantity |
|------|----------|
| STEERING COLUMN CONTROL MODULE (1097662-00-Q) | 1.00 |
| BOLT RC M16X1.5X26 PC88 PTP.(1036655-00-A) | 1.00 |
| AIRBAG HARNESS RETAINING CLIP. (1028053-00-A) | 1.00 |

(Row 4)

Pay Type: Basic Vehicle Limited Warranty        **0.00**

---

**5**

**Concern:** customer states: There are lots of micro scratches on the entire car which is not acceptable for a brand new car. If you look at the car in daylight, you see scratches everywhere. They either happened in the factory or during transport but either way, I'd like for this issue to be addressed. The entire car needs to be polished and buffed thoroughly to remove all the scratches. Please and thank you.

**Repair Notes:** Sent over to Harry's Auto Collision for paint correction.

**Correction: Paint - Sublet**

Pay Type: Rectification        **0.00**

---

**6**        **0.00**

**Concern:** Spoiler came loose after coming back from the body shop.

**Repair Notes:** Replaced Rear Spoiler.

**Correction: Spoiler - Rear (Remove & Replace) - Remove and Replace**

**Parts Replaced or Added**

| Part | Quantity |
|------|----------|
| CARBON FIBER SPOILER(1533971 00 B) | 1.00 |

Pay Type: Basic Vehicle Limited Warranty

Service Center hourly rate: USD 255

All parts are new unless otherwise specified.

**Accepted Payment Methods:Major Credit Cards (Visa, Mastercard, AMEX, etc.), Debit Card, Cashier's Check**

You agree that:You are entitled to a price estimate for the repairs you have authorized. The repair price may be less than the estimate but shall not exceed (1) any price limited estimate or (2) any parts and labor estimate by more than 10%. Additional repairs may not be performed without your consent. This estimated price for authorized repairs will be honored if your vehicle is delivered to Tesla's facility within the time periodagreed to by you and Tesla. You may waive your right to a written estimate and require that you be notified if the price exceeds an amount you have specified. Tesla is not responsible for any personal items left in your vehicle; Tesla and its employees may access and operate your vehicle including on streets, highways, or public roadways for the sole purpose of testing and/or inspection of repairs; Tesla may update your vehicle's software in the course of a repair or as part of the standard vehicle maintenance process per your owner's manual and New Vehicle Limited Warranty; Tesla and its employees may access, download and use the information stored on your vehicle's data recorder to service and diagnose issues with your vehicle, and Tesla may store and aggregate such data for its own purposes; an express mechanic's lien is hereby acknowledged on your vehicle to secure the amount of repairs, storage and other applicable fees; the vehicle owner's insurance provides exclusive coverage for the vehicle while it is in Tesla's possession; and you may be charged storage fees of $35/day from the fourth working day after you are notified that repairs on your vehicle are complete and that the vehicle is ready for pick up.

| | |
|---|---|
| Total Parts (USD) | 0.00 |
| Total Labor (USD) | 0.00 |
| Discount | 0.00 |
| **Subtotal (USD)** | 0.00 |
| Tax | 0.00 |
| **Total Amount (USD)** | 0.00 |
| **Amount Due From Customer (USD)** | 0.00 |
| **Paid by Customer (USD)** | 0.00 |

Tesla disclaims all express or implied warranties with respect to any repairs or products used in repairs, except as may be set forth in your Tesla-issued New or Used Vehicle Limited Warranty, Tesla Parts, Body, and Paint Repair Limited Warranty or other extended service agreement. Tesla is not responsible for repairs not performed by, or components not installed by, Tesla. Any parts (including tires/wheels) removed or replaced by Tesla during vehicle service will become the property of Tesla. However, at the time you authorize repairs, you may request to receive (subject to any applicable core charge, which you agree to pay) or inspect replaced parts (excluding inflatable restraint system components), except body shop repair parts and parts required to be returned to the manufacturer or a third party under a warranty, trade-in or exchange agreement, which will only be presented to you for examination and not returned.

I authorize the repair work, including parts, materials and labor, on my vehicle to be done pursuant to the terms and conditions as set forth in this service agreement document.

## Signature:                                          Date:

Warning:Motor vehicles contain chemicals known to the State of California to cause cancer and birth defects or other reproductive harm.

## FullName:

A buyer of this product in California has the right to have this product serviced or repaired during the warranty period. The warranty period will be extended for the number of whole days that the product has been out of the buyer's hands for warranty repairs. If a defect exists within the warranty period, the warranty will not expire until the defect has been fixed. The warranty period will also be extended if the warranty repairs have not been performed due to delays caused by circumstances beyond the control of the buyer, or if the warranty repairs did not remedy the defect and the buyer notifies the manufacturer or seller of the failure of the repairs within 60 days after they were completed. If, after a reasonable number of attempts, the defect has not been fixed, the buyer may return this product for

a replacement or a refund subject, in either case, to deduction of a reasonable charge for usage. This time extension does not affect the protections or remedies the buyer has under other laws.

You further agree and acknowledge that:

- You have the right to inspect your vehicle on Tesla premises prior to payment
- Tesla is not responsible for loss or damage to the vehicle or any articles left in the vehicle in case of fire, theft, hail, wind, or any other causes beyond its control;
- Tesla personnel will turn off any photo or video capturing devices, such as dashboard cameras, once they receive the vehicle in preparation for service and your vehicle's Tesla dash cam will be enabled when you pick up your Tesla from this Service visit;
- Labor charges are not based solely on actual service personnel's time but are aggregate prices for specific services or repairs, which may include flat rates based on industry manuals and vehicle condition;
- Waste storage and disposal fees are charged separately when applicable to specific services or repairs, and represent costs and profits to Tesla which are calculated based on average annualized costs across Tesla service facilities;
- Items purchased over the counter or online directly from Tesla may be returned within 30 days with a proof of purchase and must be in their original and uninstalled condition with factory labeling attached and in factory packaging (if supplied);
- Tesla branded parts purchased directly from Tesla over the counter, online or purchased and installed by Tesla Service are covered under the Tesla Parts, Body, and Paint Repair Limited Warranty for a period of 12 months subject to the applicable terms, conditions and exclusions and available at https://www.tesla.com/support/vehicle warranty;
- All charges for repairs, including labor, parts and materials furnished, are due and payable simultaneously with the return of your vehicle or prior to return upon the expiration of three (3) working days after notice has been sent by Tesla that the vehicle is ready;
- If applicable, you have the right to choose the licensed repair shop where the damage to your vehicle will be repaired;
- All crash parts supplied meet the standards used in manufacturing the original equipment replaced;
- If any repair, storage and other applicable fees remain unpaid for thirty (30) days after a request for payment, Tesla may pursue collection and you will be responsible for paying all reasonable attorney's fees and costs for such collection;
- If provided a loaner or rental vehicle, the vehicle must be returned within 24 hours of such notification or a daily usage rate of up to $100 USD and applicable fees will be charged until the return of such loaner vehicle;
- The repair work may not be completed prior to the date and time noted under Date/Time Promised and Tesla may adjust the estimated completion date upon notification to you and is not responsible for any delays caused by the unavailability of parts or parts shipments; and
- Tesla (and any of its subsidiaries) may contact you via emails, calls, SMS or other messages including through the Tesla app (collectively, "messages") to obtain authorization and provide updates regarding this Service visit and your vehicle. Standard SMS message and data rates may apply. You can withdraw your consent to receive automated SMS messages at any time by replying "STOP"or providing written notification to Tesla's customer representative.

**Tesla, Inc**
2000 Corporate Center Dr
Thousand Oaks,CA,US 91320-
1400
Ph.: (805) 214-5072

# Invoice

**SERVICE DEPARTMENT HOURS**
Mon-Fri
Saturday-Sunday

| Invoice date | Invoice number |
|---|---|
| 05-Jun-2024 | 3000S0010243816 |
| **Due Date** | |
| 05 Jun 2024 | |
| **Date/Time Received** | **Date/Time Promised** |
| 05-Jun-2024 12:25:21 | 06-Jun-2024 17:00:38 |
| **Odometer In** | **Odometer Out** |
| 4969 Miles | 4972 Miles |
| **Ready Date** | |
| 05-Jun-2024 15:05:29 | |
| **Service Advisor** | |
| Sydney Sibert | |

## Paid

| Bill To | | | |
|---|---|---|---|
| Ajaymilan Gandhi | | | |

| Mobile Phone | Additional Phone | | Vehicle Identification Number |
|---|---|---|---|
| | | | 7SAYGAEE2PF969953 |
| **Year** | **Model** | **License Plate Number** | **Colour** |
| 2023 | MODEL Y | 9KSW024 | Deep Blue Metallic |

| Job Number | Description Of Work | Amount (USD) |
|---|---|---|
| 1 | **Concern:** Check tire pressure and condition<br><br>**Repair Notes:** Automated Tire Pressure Check (No Adjustment Needed).<br>Tread Depth Measure Type<br>mm<br>Tread depth   Record the lowest measurement across all groves<br>Front Driver: 6<br>Front Passenger: 6<br>Back Driver: 6<br>Back Passenger: 6<br>Tire replacement recommended<br>No<br>Tire rotation recommended<br>No<br><br><br>**Correction: Automated Tire Pressure Check (No Adjustment Needed)**<br><br><br>**Correction: Check Tire Tread Depth**<br><br><br>Pay Type: Goodwill - Service | 0.00 |
| 2 | **Concern:** you can hear slight clicking intermittently on passenger seat<br><br>**Repair Notes:** Test drove and did not hear any abnormal clicking from front passenger seat.<br>Torque check seat bolts just to be sure and found front bolts were slightly under torqued.<br><br><br>**Correction: Front Suspension Noise Diagnosis**<br><br><br>Pay Type: Service Adjustment | 0.00 |

1 of 4

| | |
|---|---|
| **3** | **Concern:** you can hear slight clicking intermittently on passenger seat<br><br>**Repair Notes:** Test drove and did not hear any abnormal clicking from front passenger seat. Torque check seat bolts just to be sure and found front bolts were slightly under torqued.<br><br>**Correction: Perform Post-Repair Validation Test Drive**<br><br>Pay Type: Basic Vehicle Limited Warranty | **0.00** |
| **4** | **Concern:** you can hear slight clicking intermittently on passenger seat<br><br>**Repair Notes:** Test drove and did not hear any abnormal clicking from front passenger seat. Torque check seat bolts just to be sure and found front bolts were slightly under torqued.<br><br>**Correction: Diagnosis: Unable to Replicate Concern**<br><br>Pay Type: Goodwill   Service | **0.00** |
| **5** | **Concern:** customer states bench middle seat makes clicking noise when sitting back on it customer states sounds like trunk is latching and unlatching<br><br>**Repair Notes:** Found harness within 2nd row middle seat got pinched. Repaired harness per Tesla guidelines and retest. Can no longer duplicate issue after wire repair.<br><br>**Correction: Diagnosis: Low Voltage Circuit Integrity Check**<br><br>**Correction: Wire - Electrical Harness (Does Not Include Access Labor) (Repair)**<br><br>Pay Type: Basic Vehicle Limited Warranty | **0.00** |
| **6** | **Concern:** customer states driver side B pillar seat belt panel rattles while driving<br><br>**Repair Notes:** Replaced driver B pillar clips and insulate seatbelt adjuster slides while out. Test drive and did not hear noise at this time.<br><br>**Correction: Interior Rattle Squeak Noise Diagnosis**<br><br>**Parts Replaced or Added**<br><br>Part              Quantity<br>EDGE               4.00<br>CLIP,6MMX15,SOLID,POM(1496105<br>00 A)<br><br>**Correction: Adjustment: Interior Trim**<br><br>Pay Type: Service Adjustment | **0.00** |

2 of 4

**Concern:** please inspect trunk trim panel, customer states you have to constantly pop it back in and wit will pop out.

**Repair Notes:** Found upper liftgate trim not seating correctly due to lower liftgate trim not being seated fully. Reset lower liftgate trim, replace clips in upper liftgate trim and reinstall. Trim is now seated properly

7,

**Correction: Adjustment: Interior Trim**

Pay Type: Service Adjustment

**0.00**

Service Center hourly rate: USD 255
Notes: To assess your vehicle's Tire Wear and Condition, please see the Tire Care and Maintenance section from the digital Owner's Manual in your car.

All parts are new unless otherwise specified.

**Accepted Payment Methods:Major Credit Cards (Visa, Mastercard, AMEX, etc.), Debit Card, Cashier's Check**

You agree that:You are entitled to a price estimate for the repairs you have authorized. The repair price may be less than the estimate but shall not exceed (1) any price limited estimate or (2) any parts and labor estimate by more than 10%. Additional repairs may not be performed without your consent. This estimated price for authorized repairs will be honored if your vehicle is delivered to Tesla's facility within the time periodagreed to by you and Tesla. You may waive your right to a written estimate and require that you be notified if the price exceeds an amount you have specified. Tesla is not responsible for any personal items left in your vehicle; Tesla and its employees may access and operate your vehicle including on streets, highways, or public roadways for the sole purpose of testing and/or inspection of repairs; Tesla may update your vehicle's software in the course of a repair or as part of the standard vehicle maintenance process per your owner's manual and New Vehicle Limited Warranty; Tesla and its employees may access, download and use the information stored on your vehicle's data recorder to service and diagnose issues with your vehicle, and Tesla may store and aggregate such data for its own purposes; an express mechanic's lien is hereby acknowledged on your vehicle to secure the amount of repairs, storage and other applicable fees; the vehicle owner's insurance provides exclusive coverage for the vehicle while it is in Tesla's possession; and you may be charged storage fees of $35/day from the fourth working day after you are notified that repairs on your vehicle are complete and that the vehicle is ready for pick up.

| | |
|---|---|
| Total Parts (USD) | 0.00 |
| Total Labor (USD) | 0.00 |
| Discount | 0.00 |
| Subtotal (USD) | 0.00 |
| Tax | 0.00 |
| **Total Amount (USD)** | 0.00 |
| **Amount Due From Customer (USD)** | 0.00 |
| **Paid by Customer (USD)** | 0.00 |

Tesla disclaims all express or implied warranties with respect to any repairs or products used in repairs, except as may be set forth in your Tesla issued New or Used Vehicle Limited Warranty, Tesla Parts, Body, and Paint Repair Limited Warranty or other extended service agreement. Tesla is not responsible for repairs not performed by, or components not installed by, Tesla. Any parts (including tires/wheels) removed or replaced by Tesla during vehicle service will become the property of Tesla. However, at the time you authorize repairs, you may request to receive (subject to any applicable core charge, which you agree to pay) or inspect replaced parts (excluding inflatable restraint system components), except body shop repair parts and parts required to be returned to the manufacturer or a third party under a warranty, trade in or exchange agreement, which will only be presented to you for examination and not returned.

I authorize the repair work, including parts, materials and labor, on my vehicle to be done pursuant to the terms and conditions as set forth in this service agreement document.

## Signature:                                                  Date:

Warning:Motor vehicles contain chemicals known to the State of California to cause cancer and birth defects or other reproductive harm.

**FullName:**

3 of 4

A buyer of this product in California has the right to have this product serviced or repaired during the warranty period. The warranty period will be extended for the number of whole days that the product has been out of the buyer's hands for warranty repairs. If a defect exists within the warranty period, the warranty will not expire until the defect has been fixed. The warranty period will also be extended if the warranty repairs have not been performed due to delays caused by circumstances beyond the control of the buyer, or if the warranty repairs did not remedy the defect and the buyer notifies the manufacturer or seller of the failure of the repairs within 60 days after they were completed. If, after a reasonable number of attempts, the defect has not been fixed, the buyer may return this product for a replacement or a refund subject, in either case, to deduction of a reasonable charge for usage. This time extension does not affect the protections or remedies the buyer has under other laws.

You further agree and acknowledge that:

- You have the right to inspect your vehicle on Tesla premises prior to payment
- Tesla is not responsible for loss or damage to the vehicle or any articles left in the vehicle in case of fire, theft, hail, wind, or any other causes beyond its control;
- Tesla personnel will turn off any photo or video capturing devices, such as dashboard cameras, once they receive the vehicle in preparation for service and your vehicle's Tesla dash cam will be enabled when you pick up your Tesla from this Service visit;
- Labor charges are not based solely on actual service personnel's time but are aggregate prices for specific services or repairs, which may include flat rates based on industry manuals and vehicle condition;
- Waste storage and disposal fees are charged separately when applicable to specific services or repairs, and represent costs and profits to Tesla which are calculated based on average annualized costs across Tesla service facilities;
- Items purchased over the counter or online directly from Tesla may be returned within 30 days with a proof of purchase and must be in their original and uninstalled condition with factory labeling attached and in factory packaging (if supplied);
- Tesla-branded parts purchased directly from Tesla over-the-counter, online or purchased and installed by Tesla Service are covered under the Tesla Parts, Body, and Paint Repair Limited Warranty for a period of 12 months subject to the applicable terms, conditions and exclusions and available at https://www.tesla.com/support/vehicle-warranty;
- All charges for repairs, including labor, parts and materials furnished, are due and payable simultaneously with the return of your vehicle or prior to return upon the expiration of three (3) working days after notice has been sent by Tesla that the vehicle is ready;
- If applicable, you have the right to choose the licensed repair shop where the damage to your vehicle will be repaired;
- All crash parts supplied meet the standards used in manufacturing the original equipment replaced;
- If any repair, storage and other applicable fees remain unpaid for thirty (30) days after a request for payment, Tesla may pursue collection and you will be responsible for paying all reasonable attorney's fees and costs for such collection;
- If provided a loaner or rental vehicle, the vehicle must be returned within 24 hours of such notification or a daily usage rate of up to $100 USD and applicable fees will be charged until the return of such loaner vehicle;
- The repair work may not be completed prior to the date and time noted under Date/Time Promised and Tesla may adjust the estimated completion date upon notification to you and is not responsible for any delays caused by the unavailability of parts or parts shipments; and
- Tesla (and any of its subsidiaries) may contact you via emails, calls, SMS or other messages including through the Tesla app (collectively, "messages") to obtain authorization and provide updates regarding this Service visit and your vehicle. Standard SMS message and data rates may apply. You can withdraw your consent to receive automated SMS messages at any time by replying "STOP"or providing written notification to Tesla's customer representative.

Tesla, Inc
2000 Corporate Center Dr
Thousand Oaks,CA,US 91320-1400
Ph.: (805) 214-5072

**Invoice**

**SERVICE DEPARTMENT HOURS**
Mon-Fri
Saturday-Sunday

| Invoice date | Invoice number |
|---|---|
| 14-Jun-2024 | 3000S0010326930 |
| **Due Date** | |
| 14 Jun 2024 | |
| **Date/Time Received** | **Date/Time Promised** |
| 14-Jun-2024 11:00:44 | 14-Jun-2024 17:30:53 |
| **Odometer In** | **Odometer Out** |
| 5441 Miles | 5444 Miles |
| **Ready Date** | |
| 14-Jun-2024 13:08:40 | |
| **Service Advisor** | |
| Stonebreaker McPherson | |

**Paid**

| Bill To | | | |
|---|---|---|---|
| Krishil Gandhi | | | |

| Mobile Phone | Additional Phone | | Vehicle Identification Number |
|---|---|---|---|
| | | | 7SAYGAEE2PF969953 |
| **Year** | **Model** | **License Plate Number** | **Colour** |
| 2023 | MODEL Y | 9KSW024 | Deep Blue Metallic |

| Job Number | Description Of Work | Amount (USD) |
|---|---|---|
| 1 | **Concern:** Customer states: Suspension Noise   What location is the noise coming from? Rear Suspension. What best describes the issue? Noise or vibration while accelerating/driving. **Repair Notes:** Diagnosed and Replaced Liftgate Power Strut. **Correction: Rear Suspension Noise Diagnosis** Pay Type: Service Adjustment | 0.00 |
| 2 | **Concern:** Customer states: Suspension Noise   What location is the noise coming from? Rear Suspension. What best describes the issue? Noise or vibration while accelerating/driving. **Repair Notes:** Diagnosed and Replaced Liftgate Power Strut. **Correction: Power Strut - Liftgate (Remove & Replace) - Remove and Replace** **Parts Replaced or Added** | 0.00 |

**Parts Replaced or Added**

| Part | Quantity |
|---|---|
| LIFTGATE POWER STRUT - LEFT HAND(1500601-00-B) | 1.00 |

Pay Type: Basic Vehicle Limited Warranty

| Job Number | Description Of Work | Amount (USD) |
|---|---|---|
| 3 | **Concern:** Check tire pressure and condition **Repair Notes:** Automated Tire Pressure Check (No Adjustment Needed). Maintenance Performed: Windshield Washer Fluid   Top Off. Tire replacement recommended | 0.00 |

Replacement: No
Tire rotation recommended
Rotation: No

**Correction: Check Tire Tread Depth**

**Correction: Windshield Washer Fluid - Top Off**

**Correction: Automated Tire Pressure Check (No Adjustment Needed)**

Pay Type: Goodwill   Service

Service Center hourly rate: USD 255
Notes: To assess your vehicle's Tire Wear and Condition, please see the Tire Care and Maintenance section from the digital Owner's Manual in your car.

All parts are new unless otherwise specified.

**Accepted Payment Methods:Major Credit Cards (Visa, Mastercard, AMEX, etc.), Debit Card, Cashier's Check**

You agree that:You are entitled to a price estimate for the repairs you have authorized. The repair price may be less than the estimate but shall not exceed (1) any price limited estimate or (2) any parts and labor estimate by more than 10%. Additional repairs may not be performed without your consent. This estimated price for authorized repairs will be honored if your vehicle is delivered to Tesla's facility within the time periodagreed to by you and Tesla. You may waive your right to a written estimate and require that you be notified if the price exceeds an amount you have specified. Tesla is not responsible for any personal items left in your vehicle; Tesla and its employees may access and operate your vehicle including on streets, highways, or public roadways for the sole purpose of testing and/or inspection of repairs; Tesla may update your vehicle's software in the course of a repair or as part of the standard vehicle maintenance process per your owner's manual and New Vehicle Limited Warranty; Tesla and its employees may access, download and use the information stored on your vehicle's data recorder to service and diagnose issues with your vehicle, and Tesla may store and aggregate such data for its own purposes; an express mechanic's lien is hereby acknowledged on your vehicle to secure the amount of repairs, storage and other applicable fees; the vehicle owner's insurance provides exclusive coverage for the vehicle while it is in Tesla's possession; and you may be charged storage fees of $35/day from the fourth working day after you are notified that repairs on your vehicle are complete and that the vehicle is ready for pick up.

| | |
|---|---|
| Total Parts (USD) | 0.00 |
| Total Labor (USD) | 0.00 |
| Discount | 0.00 |
| **Subtotal (USD)** | 0.00 |
| Tax | 0.00 |
| **Total Amount (USD)** | 0.00 |
| **Amount Due From Customer (USD)** | 0.00 |
| **Paid by Customer (USD)** | 0.00 |

Tesla disclaims all express or implied warranties with respect to any repairs or products used in repairs, except as may be set forth in your Tesla-issued New or Used Vehicle Limited Warranty, Tesla Parts, Body, and Paint Repair Limited Warranty or other extended service agreement. Tesla is not responsible for repairs not performed by, or components not installed by, Tesla. Any parts (including tires/wheels) removed or replaced by Tesla during vehicle service will become the property of Tesla. However, at the time you authorize repairs, you may request to receive (subject to any applicable core charge, which you agree to pay) or inspect replaced parts (excluding inflatable restraint system components), except body shop parts and parts required to be returned to the manufacturer or a third party under a warranty, trade-in or exchange agreement, which will only be presented to you for examination and not returned.

I authorize the repair work, including parts, materials and labor, on my vehicle to be done pursuant to the terms and conditions as set forth in this service agreement document.

## Signature:                                          Date:

Warning:Motor vehicles contain chemicals known to the State of California to cause cancer and birth defects or other reproductive harm.

**FullName:**

A buyer of this product in California has the right to have this product serviced or repaired during the warranty period. The warranty period will be extended for the number of whole days that the product has been out of the buyer's hands for warranty repairs. If a defect exists within the warranty period, the warranty will not expire until the defect has been fixed. The warranty period will also be extended if the warranty repairs have not been performed due to delays caused by circumstances beyond the control of the buyer, or if the warranty repairs did not remedy the defect and the buyer notifies the manufacturer or seller of the failure of the repairs within 60 days after they were completed. If, after a reasonable number of attempts, the defect has not been fixed, the buyer may return this product for a replacement or a refund subject, in either case, to deduction of a reasonable charge for usage. This time extension does not affect the protections or remedies the buyer has under other laws.

You further agree and acknowledge that:

- You have the right to inspect your vehicle on Tesla premises prior to payment
- Tesla is not responsible for loss or damage to the vehicle or any articles left in the vehicle in case of fire, theft, hail, wind, or any other causes beyond its control;
- Tesla personnel will turn off any photo or video capturing devices, such as dashboard cameras, once they receive the vehicle in preparation for service and your vehicle's Tesla dash cam will be enabled when you pick up your Tesla from this Service visit;
- Labor charges are not based solely on actual service personnel's time but are aggregate prices for specific services or repairs, which may include flat rates based on industry manuals and vehicle condition;
- Waste storage and disposal fees are charged separately when applicable to specific services or repairs, and represent costs and profits to Tesla which are calculated based on average annualized costs across Tesla service facilities;
- Items purchased over the counter or online directly from Tesla may be returned within 30 days with a proof of purchase and must be in their original and uninstalled condition with factory labeling attached and in factory packaging (if supplied);
- Tesla branded parts purchased directly from Tesla over the counter, online or purchased and installed by Tesla Service are covered under the Tesla Parts, Body, and Paint Repair Limited Warranty for a period of 12 months subject to the applicable terms, conditions and exclusions and available at https://www.tesla.com/support/vehicle warranty;
- All charges for repairs, including labor, parts and materials furnished, are due and payable simultaneously with the return of your vehicle or prior to return upon the expiration of three (3) working days after notice has been sent by Tesla that the vehicle is ready;
- If applicable, you have the right to choose the licensed repair shop where the damage to your vehicle will be repaired;
- All crash parts supplied meet the standards used in manufacturing the original equipment replaced;
- If any repair, storage and other applicable fees remain unpaid for thirty (30) days after a request for payment, Tesla may pursue collection and you will be responsible for paying all reasonable attorney's fees and costs for such collection;
- If provided a loaner or rental vehicle, the vehicle must be returned within 24 hours of such notification or a daily usage rate of up to $100 USD and applicable fees will be charged until the return of such loaner vehicle;
- The repair work may not be completed prior to the date and time noted under Date/Time Promised and Tesla may adjust the estimated completion date upon notification to you and is not responsible for any delays caused by the unavailability of parts or parts shipments; and
- Tesla (and any of its subsidiaries) may contact you via emails, calls, SMS or other messages including through the Tesla app (collectively, "messages") to obtain authorization and provide updates regarding this Service visit and your vehicle. Standard SMS message and data rates may apply. You can withdraw your consent to receive automated SMS messages at any time by replying "STOP"or providing written notification to Tesla's customer representative.

Tesla, Inc
2000 Corporate Center Dr
Thousand Oaks,CA,US 91320-1400
Ph.: (805) 214-5072

**Invoice**

**SERVICE DEPARTMENT HOURS**
Mon-Fri
Saturday-Sunday

| Invoice date | Invoice number |
|---|---|
| 26-Jun-2024 | 3000S0010426823 |
| **Due Date** | |
| 26 Jun 2024 | |
| **Date/Time Received** | **Date/Time Promised** |
| 21-Jun-2024 13:37:26 | 27-Jun-2024 17:00:13 |
| **Odometer In** | **Odometer Out** |
| 5726 Miles | 5735 Miles |
| **Ready Date** | |
| 26-Jun-2024 15:20:21 | |
| **Service Advisor** | |
| Stonebreaker McPherson | |

```
┌─────────────┐
│    Paid     │
└─────────────┘
```

| Bill To |
|---|
| Ajaymilan Gandhi |

| Mobile Phone | Additional Phone | | Vehicle Identification Number |
|---|---|---|---|
| | | | 7SAYGAEE2PF969953 |
| **Year** | **Model** | **License Plate Number** | **Colour** |
| 2023 | MODEL Y | 9KSW024 | Deep Blue Metallic |

| Job Number | Description Of Work | Amount (USD) |
|---|---|---|
| 1 | **Concern:** Check tire pressure and condition<br><br>**Repair Notes:** . Maintenance Performed: Windshield Washer Fluid   Top Off.<br>Tire replacement recommended<br>Replacement: No<br>Tire rotation recommended<br>Rotation: No<br><br>**Correction: Check Tire Tread Depth**<br><br>**Correction: Automated Tire Pressure Check (Adjustment Needed)**<br><br>**Correction: Windshield Washer Fluid - Top Off**<br><br>Pay Type: Goodwill   Service | 0.00 |
| 2 | **Concern:** Customer States: Rear trunk is still making the clicking noise coming from the trunk lid.<br><br>**Repair Notes:** test drove and verified noise with advisor. performed adjustment to the seat back where the head rest in the 3rd row seat make contact with the seat back. test drove and the noise was still present. removed the upper liftgate trim and applied antifriction material to the contact points. noise was still present. adjusted the bump stops on the rear liftgate and test drove. noise was still present. removed the rear headliner and applied antifriction material to various contact points. test drove and the noise was gone verified with advisor and the noise was gone. would like to ride with customer at pick up to verify the noise is gone. Customer verified that the noise was still present. test drove and found that the noise was coming lower that orginally pointed out too. noise was coming from the suspension. upon further inspection found that the left rear strut was leaking. replaced the strut and test drove the vehicle with the verifying tech and confirmed the noise was gone. would like to ride with the customer at pickup to verify that the noise was gone. | 0.00 |

**Correction: Interior Rattle Squeak Noise Diagnosis**

**Correction: Trim - Upper - Liftgate (Remove & Install) - Remove and Install**

**Correction: Substrate - Seat Back - 3rd Row - RH (Remove & Install) - Remove and Install**

**Correction: Substrate - Seat Back - 3rd Row - LH (Remove & Install) - Remove and Install**

**Correction: Headliner - Rear (Remove and Install) - Remove and Install**

**Correction: Damper - Rear - LH (Remove & Replace) - Remove and Replace**

**Parts Replaced or Added**

| Part | Quantity |
|---|---|
| DAMPER ASSEMBLY COIL - REAR WHEEL DRIVE - REAR(1188463-00-E) | 1.00 |

Pay Type: Basic Vehicle Limited Warranty

Service Center hourly rate: USD 255
Notes: To assess your vehicle's Tire Wear and Condition, please see the Tire Care and Maintenance section from the digital Owner's Manual in your car.

All parts are new unless otherwise specified.

**Accepted Payment Methods:Major Credit Cards (Visa, Mastercard, AMEX, etc.), Debit Card, Cashier's Check**

You agree that:You are entitled to a price estimate for the repairs you have authorized. The repair price may be less than the estimate but shall not exceed (1) any price limited estimate or (2) any parts and labor estimate by more than 10%. Additional repairs may not be performed without your consent. This estimated price for authorized repairs will be honored if your vehicle is delivered to Tesla's facility within the time periodagreed to by you and Tesla. You may waive your right to a written estimate and require that you be notified if the price exceeds an amount you have specified. Tesla is not responsible for any personal items left in your vehicle; Tesla and its employees may access and operate your vehicle including on streets, highways, or public roadways for the sole purpose of testing and/or inspection of repairs; Tesla may update your vehicle's software in the course of a repair or as part of the standard vehicle maintenance process per your owner's manual and New Vehicle Limited Warranty; Tesla and its employees may access, download and use the information stored on your vehicle's data recorder to service and diagnose issues with your vehicle, and Tesla may store and aggregate such data for its own purposes; an express mechanic's lien is hereby acknowledged on your vehicle to secure the amount of repairs, storage and other applicable fees; the vehicle owner's insurance provides exclusive coverage for the vehicle while it is in Tesla's possession; and you may be charged storage fees of $35/day from the fourth working day after you are notified that repairs on your vehicle are complete and that the vehicle is ready for pick up.

| | |
|---|---|
| Total Parts (USD) | 0.00 |
| Total Labor (USD) | 0.00 |
| Discount | 0.00 |
| **Subtotal (USD)** | 0.00 |
| Tax | 0.00 |
| **Total Amount (USD)** | 0.00 |
| **Amount Due From Customer (USD)** | 0.00 |
| **Paid by Customer (USD)** | 0.00 |

Tesla disclaims all express or implied warranties with respect to any repairs or products used in repairs, except as may be set forth in your Tesla-issued New or Used Vehicle Limited Warranty, Tesla Parts, Body, and Paint Repair Limited Warranty or other extended service agreement. Tesla is not responsible for repairs not performed by, or components not installed by, Tesla. Any parts (including tires/wheels) removed or replaced by Tesla during vehicle service will become the property of Tesla. However, at the time you authorize repairs, you

may request to receive (subject to any applicable core charge, which you agree to pay) or inspect replaced parts (excluding inflatable restraint system components), except body shop repair parts and parts required to be returned to the manufacturer or a third party under a warranty, trade in or exchange agreement, which will only be presented to you for examination and not returned.

I authorize the repair work, including parts, materials and labor, on my vehicle to be done pursuant to the terms and conditions as set forth in this service agreement document.

## Signature:                                        Date:

> Warning: Motor vehicles contain chemicals known to the State of California to cause cancer and birth defects or other reproductive harm.

## FullName:

> A buyer of this product in California has the right to have this product serviced or repaired during the warranty period. The warranty period will be extended for the number of whole days that the product has been out of the buyer's hands for warranty repairs. If a defect exists within the warranty period, the warranty will not expire until the defect has been fixed. The warranty period will also be extended if the warranty repairs have not been performed due to delays caused by circumstances beyond the control of the buyer, or if the warranty repairs did not remedy the defect and the buyer notifies the manufacturer or seller of the failure of the repairs within 60 days after they were completed. If, after a reasonable number of attempts, the defect has not been fixed, the buyer may return this product for a replacement or a refund subject, in either case, to deduction of a reasonable charge for usage. This time extension does not affect the protections or remedies the buyer has under other laws.

You further agree and acknowledge that:

- You have the right to inspect your vehicle on Tesla premises prior to payment
- Tesla is not responsible for loss or damage to the vehicle or any articles left in the vehicle in case of fire, theft, hail, wind, or any other causes beyond its control;
- Tesla personnel will turn off any photo or video capturing devices, such as dashboard cameras, once they receive the vehicle in preparation for service and your vehicle's Tesla dash cam will be enabled when you pick up your Tesla from this Service visit;
- Labor charges are not based solely on actual service personnel's time but are aggregate prices for specific services or repairs, which may include flat rates based on industry manuals and vehicle condition;
- Waste storage and disposal fees are charged separately when applicable to specific services or repairs, and represent costs and profits to Tesla which are calculated based on average annualized costs across Tesla service facilities;
- Items purchased over the counter or online directly from Tesla may be returned within 30 days with a proof of purchase and must be in their original and uninstalled condition with factory labeling attached and in factory packaging (if supplied);
- Tesla-branded parts purchased directly from Tesla over-the-counter, online or purchased and installed by Tesla Service are covered under the Tesla Parts, Body, and Paint Repair Limited Warranty for a period of 12 months subject to the applicable terms, conditions and exclusions and available at https://www.tesla.com/support/vehicle-warranty;
- All charges for repairs, including labor, parts and materials furnished, are due and payable simultaneously with the return of your vehicle or prior to return upon the expiration of three (3) working days after notice has been sent by Tesla that the vehicle is ready;
- If applicable, you have the right to choose the licensed repair shop where the damage to your vehicle will be repaired;
- All crash parts supplied meet the standards used in manufacturing the original equipment replaced;
- If any repair, storage and other applicable fees remain unpaid for thirty (30) days after a request for payment, Tesla may pursue collection and you will be responsible for paying all reasonable attorney's fees and costs for such collection;
- If provided a loaner or rental vehicle, the vehicle must be returned within 24 hours of such notification or a daily usage rate of up to $100 USD and applicable fees will be charged until the return of such loaner vehicle;
- The repair work may not be completed prior to the date and time noted under Date/Time Promised and Tesla may adjust the estimated completion date upon notification to you and is not responsible for any delays caused by the unavailability of parts or parts shipments; and
- Tesla (and any of its subsidiaries) may contact you via emails, calls, SMS or other messages including through the Tesla app (collectively, "messages") to obtain authorization and provide updates regarding this Service visit and your vehicle. Standard SMS message and data rates may apply. You can withdraw your consent to receive automated SMS messages at any time by replying "STOP" or providing written notification to Tesla's customer representative.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT C**

-31-



# THE MARGARIAN LAW FIRM

462 West Colorado Street | Glendale, CA 91204
Main 818.553.1000 | Fax 818.553.1005

September 13, 2024

**VIA CERTIFIED U.S. MAIL**

Tesla, Inc.
1 Tesla Road
Austin, TX 78725
Tracking No. 9589 0710 5270 0381 2625 44
2nd copy via U.S. Mail

Tesla, Inc.
811 South San Fernando Blvd.
Burbank, CA 91502

C T Corporation System
c/o Tesla, Inc.
330 N. Brand Blvd., Suite 700
Glendale, CA 91203

|  |  |
|---|---|
| *Re:* | ***Gandhi, Ajaymilan Kantilal, Gandhi, Krishil Ajaymilan v. Tesla, Inc., a Delaware Corporation*** |
| *Vehicle:* | ***2023 Tesla Model Y*** |
| *VIN:* | ***7SAYGAEE2PF969953*** |
| *Our File No.:* | ***L240628-3918*** |

Dear Sir or Madam:

Pursuant to California Civil Code 1793.22(b) (3), please be advised that this office represents the above-named individuals regarding claims against Tesla, Inc., a Delaware Corporation (hereafter referred to as "Tesla") pursuant to the California Song-Beverly Consumer Warranty Act ("Lemon Law") and the Federal Magnuson-Moss Warranty Act regarding the above-referenced vehicle. Please direct all future contacts and correspondences to our office as such.

**Having been formally notified of our representation, you are instructed not to contact our client under any circumstances. Please direct all inquiries to this office. If you fail to act in conformity with this directive, injunctive relief will be sought against you.**

**Pursuant to California Civil Code 1794(d) and/or 15 U.S.C. 2310(d), you are hereby notified that any settlement made with our client requires payment of our attorneys' fees. If you settle directly with our client and do not make arrangements for payment of our**

1



# THE MARGARIAN LAW FIRM

462 West Colorado Street | Glendale, CA 91204
Main 818.553.1000 | Fax 818.553.1005

**attorneys' fees, we will file suit against you. In addition, you are hereby notified of our attorneys' lien.**

There are numerous defects and non-conformities present in my clients' automobile for which relief is sought, and numerous attempts to repair the subject vehicle have been unsuccessful. These defects and non-conformities include, but are not limited to:

1. Defective steering column control module – over one (1) failed repair attempts;
2. Defective rear spoiler – over one (1) failed repair attempts;
3. Defective front passenger seat – over one (1) failed repair attempts;
4. Defective 2nd row middle seat harness – over one (1) failed repair attempts;
5. Defective trunk trim panel – over one (1) failed repair attempts;
6. Defective lower liftgate trim – over one (1) failed repair attempts;
7. Defective upper liftgate trim clips – over one (1) failed repair attempts;
8. Defective liftgate power strut – over one (1) failed repair attempts;
9. Defective suspension system – over two (2) failed repair attempts;
10. Defective left rear strut – over two (2) failed repair attempts;
11. Any additional complaints made by my clients, whether or not they are contained in your company's records or on any repair orders.

The defects and non-conformities listed above constitute a substantial impairment in the use, value and safety of the subject vehicle. As you can see in your records, my clients have been most accommodating with respect to the constant and continuing problems with the subject vehicle. Despite five (5) failed repair visits for the same non-conformities, the subject vehicle remains defective. As such, the subject vehicle qualifies for a statutory repurchase under the presumption clause of the Song-Beverly Consumer Warranty Act. Therefore, there has been a failure and refusal to conform the subject vehicle to its expressed and implied warranties under the law. Because of these defects and non-conformities, my clients have justifiably lost confidence in the vehicle and have limited use of the vehicle. When my clients acquired the vehicle, my clients did not expect to receive a defective vehicle.

Therefore, you are hereby notified that my client is revoking acceptance of this vehicle. My client has directed me to demand the cancellation of the contracts and the return of all funds paid towards this vehicle, including any trade-in value given, all collateral charges, finance charges and all incidental and consequential damages, plus civil penalties. The subject vehicle clearly meets the definition of a "lemon" under the Song-Beverly Consumer Warranty Act. Tesla is obligated to offer a statutory repurchase/refund. Tesla's failure to do so constitutes a willful breach of the warranty terms and entitles our client to a recovery of civil penalties twice the amount of the original contracted sum.

Our attorneys' fees are minimal at this stage, and we would prefer to resolve this matter without the need for any more time spent on our part or on the part of your attorneys. Accordingly,

2



# THE MARGARIAN LAW FIRM

462 West Colorado Street | Glendale, CA 91204
Main 818.553.1000 | Fax 818.553.1005

if you wish to resolve this matter amicably, please feel free to contact my office. If the matter has not been resolved within thirty (30) days from the date of this letter, a lawsuit will be filed.

Failure to offer a remedy within the herein noted deadline or a unilateral request for or statement of self-granted extension of time for pre-litigation evaluation shall not be acceptable and shall be deemed a refusal to offer a timely remedy under the Song-Beverly Consumer Warranty Act. The only acceptable remedy shall be either an unequivocal offer to provide a statutory refund plus fees or an offer to provide a statutory refund plus fees upon confirmation of the history of listed non-conformities, within the herein stated deadline.

Very truly yours,

*/s/ Hovanes Margarian*

Hovanes Margarian
Attorney at Law

3



# THE MARGARIAN LAW FIRM

AUTOMOTIVE LITIGATION ATTORNEYS

462 West Colorado Street
Glendale, CA 91204



**CERTIFIED MAIL**

9589 0710 5270 0381 2625 44



PITNEY BOWES
**$5.54**
US POSTAGE
FIRST-CLASS
028W0002311084
2000405333
ZIP 81204
SEP 13 2024

Tesla, Inc.
1 Tesla Road
Austin, TX 78725

1-866-97-LEMON (1-866-975-3666)
www.MargarianLaw.com
Consumer Class Action – Lemon Law – Auto Dealer Fraud



# THE MARGARIAN LAW FIRM

AUTOMOTIVE LITIGATION ATTORNEYS
462 West Colorado Street
Glendale, CA 91204



PITNEY BOWES
$0.69⁰
US POSTAGE
FIRST-CLASS

SEP 11 2024

Tesla. Inc.
1 Tesla Road
Austin. TX 78725

1-866-97-LEMON (1-866-975-3666)
www.MargarianLaw.com
Consumer Class Action – Lemon Law – Auto Dealer Fraud



## THE MARGARIAN LAW FIRM

AUTOMOTIVE LITIGATION ATTORNEYS

462 West Colorado Street
Glendale, CA 91204



PITNEY BOWES
$0.69 ᴼ
US POSTAGE™
FIRST-CLASS
028W00X0310880
2097449823331
ZIP 91204
SEP 13 2024

Tesla. Inc.
811 South San Fernando Blvd.
Burbank, CA 91502

1-866-97-LEMON (1-866-975-3666)
www.MargarianLaw.com
Consumer Class Action – Lemon Law – Auto Dealer Fraud



**THE MARGARIAN LAW FIRM**

AUTOMOTIVE LITIGATION ATTORNEYS
462 West Colorado Street
Glendale, CA 91204



PITNEY BOWES
$0.69°
US POSTAGE
FIRST-CLASS

C T Corporation System
c/o Tesla. Inc.
330 N. Brand Blvd.. Suite 700
Glendale. CA 91203

1-866-97-LEMON (1-866-975-3666)
www.MargarianLaw.com
Consumer Class Action – Lemon Law – Auto Dealer Fraud

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

TESLA, INC., a Texas Corporation, and DOES 1 through 30, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

AJAYMILAN KANTILAL GANDHI, an individual; KRISHIL AJAYMILAN GANDHI, an individual

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

Electronically FILED by
Superior Court of California,
County of Los Angeles
10/21/2024 1:04 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By D. Gallegos, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Los Angeles County Superior Court

Northeast Judicial District - ~~Pasadena Courthouse~~
300 East Walnut St., Pasadena, CA 91101
BURBANK COURTHOUSE
300 EAST OLIVE AVENUE, RM 225
BURBANK, CA 91502

**CASE NUMBER:**
*(Número del Caso):*
24NNCV05188

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Hovanes Margarian, SBN 246359; Armen Margarian, SBN 313775; Shushanik Margarian, SBN 318617; The Margarian Law Firm, 462 West Colorado Street, Glendale, CA 91204; (818) 553-1000

**DATE:** 10/21/2024
*(Fecha)*

David W. Slayton, Executive Officer/Clerk of Court

Clerk, by     D. Gallegos     , Deputy
*(Secretario)*                 *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify):* TESLA, INC.

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 11/13/2024

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Hovanes Margarian, SBN 246250; Armen Margarian, SBN 313775<br>THE MARGARIAN LAW FIRM, 462 West Colorado Street, Glendale, CA 91204<br><br>TELEPHONE NO.: (818) 553-1000      FAX NO.: (818) 553-1005<br>EMAIL ADDRESS: hovanesm@margarianlaw.com<br>ATTORNEY FOR *(Name):* AJAYMILAN KANTILAL GANDHI; KRISHIL AJAYMILAN | **Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>10/21/2024 1:04 AM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By D. Gallegos, Deputy Clerk** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 300 East Walnut St.,
MAILING ADDRESS: 300 East Walnut St.
CITY AND ZIP CODE: Pasadena, CA 91101
BRANCH NAME: Pasadena Courthouse

CASE NAME:
AJAYMILAN KANTILAL GANDHI, et al. v. TESLA, INC., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [×] Unlimited<br>(Amount<br>demanded<br>exceeds $35,000) | [ ] Limited<br>(Amount<br>demanded is<br>$35,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 24NNCV05188<br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1.  Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [×] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2.  This case [ ] is  [×] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
    factors requiring exceptional judicial management:
    a. [ ] Large number of separately represented parties  d. [ ] Large number of witnesses
    b. [ ] Extensive motion practice raising difficult or novel  e. [ ] Coordination with related actions pending in one or more
        issues that will be time-consuming to resolve       courts in other counties, states, or countries, or in a federal
    c. [ ] Substantial amount of documentary evidence          court
                                                            f. [ ] Substantial postjudgment judicial supervision
3.  Remedies sought *(check all that apply):* a. [×] monetary  b. [×] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4.  Number of causes of action *(specify):* Nine (9)
5.  This case [ ] is  [×] is not   a class action suit.
6.  If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*
Date: 10/21/2024
Hovanes Margarian, Esq.                          ▶   /s/ Hovanes Margarian
_____              _____
(TYPE OR PRINT NAME)                                 (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to
  the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only. **Page 1 of 2**

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner
Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic
relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

For your protection and privacy, please press the Clear
This Form button after you have printed the form.

| Print this form | Save this form |

| Clear this form |

| SHORT TITLE | CASE NUMBER |
|---|---|
| AJAYMILAN KANTILAL GANDHI, et al. v. TESLA, INC., et al. | |

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | | |
|---|---|---|
| 1. | Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7.  Location where petitioner resides. |
| 2. | Permissive filing in Central District. | 8.  Location wherein defendant/respondent functions wholly. |
| 3. | Location where cause of action arose. | 9.  Location where one or more of the parties reside. |
| 4. | Location where bodily injury, death or damage occurred. | 10.  Location of Labor Commissioner Office. |
| 5. | Location where performance required, or defendant resides. | 11.  Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. | Location of property or permanently garaged vehicle. | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| AJAYMILAN KANTILAL GANDHI, et al. v. TESLA, INC., et al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| AJAYMILAN KANTILAL GANDHI, et al. v. TESLA, INC., et al. | |

|  | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☑ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>                    Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| AJAYMILAN KANTILAL GANDHI, et al. v. TESLA, INC., et al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation (Continued)** | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE | CASE NUMBER |
|---|---|
| AJAYMILAN KANTILAL GANDHI, et al. v. TESLA, INC., et al. | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☐ 1. ☐ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS:<br>811 South San Fernando Boulevard | | |
|---|---|---|---|
| CITY:<br>Burbank | STATE:<br>CA | ZIP CODE:<br>91502 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the  <u>Northeast Central Judicial</u>  District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: <u>10/21/2024</u>

*/s/ Hovanes Margarian*

(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

 **Superior Court of California, County of Los Angeles**

---

# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

**What is ADR?**
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

**Advantages of ADR**
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

**Disadvantages of ADR**
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or decision by a judge or jury.

**Main Types of ADR**
1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

---

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

   a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com (213) 683-1600
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

   **These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

   **NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate, or small claims cases.**

   b. **Los Angeles County Dispute Resolution Programs.** Los Angeles County-funded agencies provide mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil harassment, and limited civil (collections and non-collection) cases. https://dcba.lacounty.gov/countywidedrp/

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case. https://my.lacourt.org/odr/

   c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit https://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website: https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 03 2019

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE LOS ANGELES SUPERIOR COURT ) <br> — MANDATORY ELECTRONIC FILING ) <br> FOR CIVIL ) <br> ) <br> ) <br> ) <br> ——————————————————————— ) | FIRST AMENDED GENERAL ORDER |

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"**  A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"**  The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"**  A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"**  Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

e) **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**  A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) **EXEMPT LITIGANTS**

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) **EXEMPT FILINGS**

a) The following documents shall not be filed electronically:

i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

ii) Bonds/Undertaking documents;

iii) Trial and Evidentiary Hearing Exhibits

iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

   i)    Depositions;

   ii)   Declarations;

   iii)  Exhibits (including exhibits to declarations);

   iv)   Transcripts (including excerpts within transcripts);

   v)    Points and Authorities;

   vi)   Citations; and

   vii)  Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

   Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

   Multiple documents relating to one case can be uploaded in one envelope transaction.

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.    (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i) Any printed document required pursuant to a Standing or General Order;

   ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii) Pleadings and motions that include points and authorities;

   iv) Demurrers;

   v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi) Motions for Summary Judgment/Adjudication; and

   vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

11) **SIGNATURES ON ELECTRONIC FILING**

For purposes of this General Order, all electronic filings must be in compliance with California Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil Division of the Los Angeles County Superior Court.

This First Amended General Order supersedes any previous order related to electronic filing, and is effective immediately, and is to remain in effect until otherwise ordered by the Civil Supervising Judge and/or Presiding Judge.

DATED: May 3, 2019



KEVIN C. BRAZILE
Presiding Judge

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Burbank Courthouse<br>300 East Olive Avenue, Rm 225, Burbank, CA 91502 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**10/21/2024**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ D. Gallegos _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>24NNCV05188 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | John J. Kralik | B | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record     David W. Slayton, Executive Officer / Clerk of Court

on 10/21/2024 _____                                    By D. Gallegos _____, Deputy Clerk
    (Date)

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

1   Hovanes Margarian, SBN 246359
    hovanesm@margarianlaw.com
2   Armen Margarian, SBN 313775
    armenm@margarianlaw.com
3   Shushanik Margarian, SBN 318617
    shushanik@margarianlaw.com
4   THE MARGARIAN LAW FIRM
    462 West Colorado Street
5   Glendale, California 91204
    Telephone Number: (818) 553-1000
6   Facsimile Number: (818) 553-1005

7   Attorneys for Plaintiffs
    AJAYMILAN KANTILAL GANDHI
8   KRISHIL AJAYMILAN GANDHI

Electronically FILED by
Superior Court of California,
County of Los Angeles
10/21/2024 1:04 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By D. Gallegos, Deputy Clerk

9               **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10          **THE COUNTY OF LOS ANGELES, NORTHEAST JUDICIAL DISTRICT**

11

12   AJAYMILAN KANTILAL GANDHI, an          Case No.:  **24NNCV05188**
     individual; KRISHIL AJAYMILAN GANDHI, an
13   individual,                            **PLAINTIFFS' STATEMENT OF DAMAGES**

14          Plaintiffs,

15   vs.

16   TESLA, INC., a Texas Corporation; and DOES 1
     through 30, inclusive,
17
            Defendants.
18

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

NOW COME Plaintiffs AJAYMILAN KANTILAL GANDHI, an individual; KRISHIL AJAYMILAN GANDHI, an individual ("Plaintiffs"), by and through Plaintiffs' attorneys of record, The Margarian Law Firm, with Plaintiffs' Statement of Damages against Defendants TESLA, INC., a Texas Corporation; and DOES 1 through 30, inclusive, allege and affirmatively state as follows:

## DAMAGES

1. Actual Damages:
   a. Cost of Sale: Fifty-Six Thousand Twenty-Six Dollars and Twenty-Three Cents ($56,026.23).

2. Civil penalties pursuant to Magnuson-Moss Warranty Act, UCC, and California Code:
   a. Twice the actual damages, hence One Hundred Twelve Thousand Fifty-Two Dollars and Forty-Six Cents ($112,052.46)

3. Attorneys' fees:
   a. At an hourly rate of Seven Hundred Fifty Dollars and No Cents ($750.00)

4. Costs:

| | |
|---|---|
| Filing Fees | Four Hundred Thirty-Five Dollars and No Cents ($435.00) |
| e-Filing Fees | Twenty-Five Dollars and Eighty-Three Cents ($25.83) |
| Service of Process Fees | Eighty Dollars and No Cents ($80.00) |
| Sub-Total | Five Hundred Forty Dollars and Eighty-Three Cents ($540.83) |

///
///
///
///
///
///
///
///
///

Grand total of One Hundred Sixty-Eight Thousand Six Hundred Nineteen Dollars and Fifty-Two Cents ($168,619.52) plus attorneys' fees to date at time of settlement or judgment. The proposed form of judgment is an immediate cash payment of the aforementioned sums. This Statement of Damages is subject to amendment.

DATED: 10/21/2024

THE MARGARIAN LAW FIRM
462 West Colorado Street
Glendale, California 91204

By */s/ Hovanes Margarian*
Hovanes Margarian
Attorney for Plaintiffs
AJAYMILAN KANTILAL GANDHI
KRISHIL AJAYMILAN GANDHI

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties.  The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application.  These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

| COURTHOUSE ADDRESS: | |
|---|---|
| PLAINTIFF: | |
| DEFENDANT: | |

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
    (INSERT DATE)                                          (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____        ➤  _____
            (TYPE OR PRINT NAME)                            (ATTORNEY FOR PLAINTIFF)
Date:

_____        ➤  _____
            (TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)
Date:

_____        ➤  _____
            (TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)
Date:

_____        ➤  _____
            (TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)
Date:

_____        ➤  _____
            (TYPE OR PRINT NAME)                            (ATTORNEY FOR _____ )
Date:

_____        ➤  _____
            (TYPE OR PRINT NAME)                            (ATTORNEY FOR _____ )
Date:

_____        ➤  _____
            (TYPE OR PRINT NAME)                            (ATTORNEY FOR _____ )

Print          Save          Clear

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____ )

| Print | Save | | Clear |
|---|---|---|---|

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, _briefly_ describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, _briefly_ describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

Print          Save          Clear

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____ )

➤ _____
(ATTORNEY FOR _____ )

➤ _____
(ATTORNEY FOR _____ )

## THE COURT SO ORDERS.

Date: _____    _____
                                        JUDICIAL OFFICER

[ Print ]    [ Save ]    [ Clear ]

1
2
3
4
5
6

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 1 1 2011

JOHN A. CLARKE, CLERK

BY NANCY NAVARRO, DEPUTY

7        **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8              **FOR THE COUNTY OF LOS ANGELES**

9

10   General Order Re                      )   ORDER PURSUANT TO CCP 1054(a),
     Use of Voluntary Efficient Litigation )   EXTENDING TIME TO RESPOND BY
11   Stipulations                          )   30 DAYS WHEN PARTIES AGREE
                                           )   TO EARLY ORGANIZATIONAL
12                                         )   MEETING STIPULATION
                                           )
13   _____  )

14        Whereas the Los Angeles Superior Court and the Executive Committee of the

15   Litigation Section of the Los Angeles County Bar Association have cooperated in

16

17   drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for

18   use in general jurisdiction civil litigation in Los Angeles County;

19        Whereas the Los Angeles County Bar Association Litigation Section; the Los

20   Angeles County Bar Association Labor and Employment Law Section; the Consumer

21

22   Attorneys Association of Los Angeles; the Association of Southern California Defense

23   Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California

24   Employment Lawyers Association all "endorse the goal of promoting efficiency in

25   litigation, and ask that counsel consider using these stipulations as a voluntary way to

26

27   promote communications and procedures among counsel and with the court to fairly

28   resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation. This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

by Code of Civil Procedure section 1054(a) without further need of a specific court order.

DATED: _May 11, 2011_

_Carolyn B. Kuhl_
Carolyn B. Kuhl, Supervising Judge of the
Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)